## Gramm Estate.

Argued May 6, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Morton J. Sablosky,* with him *Max W. Gibbs,* for appellants.

*Symington P. Landreth,* with him *George S. Saulnier,* for appellee.

OPINION BY MR. JUSTICE POMEROY, March 20, 1970:

On or about May 31, 1946, Christianna K. Gramm established a revocable inter vivos trust with the Provident Tradesmen's Bank and Trust Company (now the Provident Trust Company) in Philadelphia. The terms of the trust bestowed upon her son, Theodore K. Gramm, a general testamentary power of appointment if his death should occur subsequent to that of his mother. Christianna K. Gramm predeceased Theodore K. Gramm without revoking or altering the trust.

On January 15, 1961, Dr. Theodore K. Gramm died, leaving a will which, in Article Sixth, exercised the general power as follows:

"SIXTH: All the rest, residue and remainder of my estate, real, personal and mixed, including any estate over which I have power of appointment, having in mind particularly the power of appointment I have un-

der the Deed of Trust with the Provident Trust Company of Philadelphia dated May 31, 1946, created by my mother, Christianna K. Gramm, I give, devise and bequeath absolutely for life to my wife, Elizabeth M. Gramm, with full power of consumption of the entire principal estate if, in her judgment, her needs require the consumption of the principal. . . If any principal should remain at the time of the death of my wife, Elizabeth M. Gramm, then I give, devise and bequeath any remaining principal to my sister, Ida G. Betelle, absolutely. . .

"It is my desire that for her own protection, my wife create an agency account or trust account with the Provident Trust Company of Philadelphia to handle the investments of this portion of my estate herein given to her. . ."

The accountability of the executrices of the widow life tenant under this power in the light of Sec. 13 of the Estates Act of 1947 (Act of April 24, 1947, P. L. 100, 20 P.S. §301.13) was considered by this Court in *Gramm Estate,* 420 Pa. 510, 218 A. 2d 342 (1966) in an opinion written by Mr. Justice JONES, and which sets out the facts in detail. The widow had created an inter vivos trust with the proceeds of the appointed property, of which her two nieces, who were also her executrices, were the beneficiaries. The Court, in upholding the decree of the lower court (VAN RODEN, P. J.) directing the filing of an account, held:

"By operation of law, this life tenant-widow occupied the status of a fiduciary with respect to the property bequeathed; her diversion of such property to a purpose other than that provided by the testator's will was a breach of her fiduciary duties, a breach which the courts must not overlook.

"The nieces as the personal representatives of the life tenant-widow's estate must render an accounting. Such accounting must account for the value of the

property at the time the securities were delivered to the life tenant-widow together with any income payable to the nieces from the time of such delivery and any accretion in value from the time of the receipt by the life tenant-widow of these securities until the time of her death."

Thereafter the executrices filed a new account, which showed the sum of $16,808.55 as "accountable to Ida G. Betelle", the remainderman. Exceptions were filed by Ida Betelle which, after hearings, were substantially sustained by a decree entered December 8, 1967. Mrs. Betelle being then deceased, the surcharge imposed by the court was directed to be paid to Provident National Bank, the appellee. The present appeal is by Loretta M. Kerper and Gertrude E. Murray, the accountants. It presents three issues for our consideration.

The first matter involves a determination whether certain securities, to wit, 75 shares of American Telephone and Telegraph Company Common Stock and 200 shares of DuPont Company $4.50 Preferred Stock, constituted a portion of the appointive property once owned by Christianna K. Gramm, and from her passed through the will of Theodore K. Gramm to become part of the life estate enjoyed by Elizabeth M. Gramm. If such assets initially belonged to Christianna K. Gramm, they represent a portion of the property accountable to Ida G. Betelle following the life tenancy of her sister-in-law. Appellants insist that Elizabeth M. Gramm owned these items outright at the time of the death of Theodore K. Gramm, free and clear of any trust imposed by Christianna K. Gramm. The basis of their assertion rests with the contention that Elizabeth M. Gramm herself supplied the funds to purchase the disputed items but that she retained them in the same bank agency account which, as requested in Theodore K. Gramm's will, was used by Elizabeth for the custodianship of the appointive property.

The issue whether the trust originally established by Christianna K. Gramm included the Telephone and DuPont securities or whether Elizabeth M. Gramm initially acquired these investments on her own is nothing more than a question of fact. The auditing judge, relying on the presence of these items in the same agency account holding all the appointive property of Theodore K. Gramm, concluded on the basis of the evidence that the securities were part of the trust established by Christianna K. Gramm. What evidence exists leads to this finding. In similar circumstances, this Court has repeatedly stated the principle that on appeal "our scope of review is limited to a determination of whether or not the findings of fact are supported by sufficient, competent evidence and whether or not the court below committed an error of law or abused its discretion." *Zeedick Will*, 421 Pa. 44, 46, 218 A. 2d 755 (1966) citing *Abrams Will*, 419 Pa. 92, 101, 213 A. 2d 638 (1965). The appellants cite no error of law or abuse of discretion in this instance. Accordingly, the findings of the Orphans' Court of Delaware County, based as they were on competent and adequate evidence, become controlling on appellate review. *Snyder Estate*, 368 Pa. 393, 397, 84 A. 2d 318 (1951) and *Pavlinko Estate*, 399 Pa. 536, 541, 160 A. 2d 554 (1960).

The second question presented concerns a $1,000 Public Service Electric & Gas Co. 6% Debenture admittedly received by Elizabeth M. Gramm as part of the life tenancy bequeathed by her husband. Appellants maintain that they never found the debenture or its proceeds with the effects of Elizabeth M. Gramm. As a consequence, they reason that she consumed the item "for her needs" during her lifetime and that they, as executrices under her will, have no duty to account for it. While the position of appellants may be correct with respect to the separate estate of Elizabeth M. Gramm, it ignores their fiduciary responsibilities,

standing as they do in the stead of their testatrix; the life tenant, to render a full accounting for her as such.

Our earlier decision in this Estate at 420 Pa. 510, 218 A. 2d 342, settled the matter of the duty of appellants to account for all the property received by Elizabeth M. Gramm as life tenant under the will of her late husband. The disputed debenture constituted a portion of that property.

The third issue at bar involves the deductions taken in the appellants' account for withdrawals by Elizabeth M. Gramm from her "pension fund" in amounts aggregating $17,453.13 during the lifetime of Theodore K. Gramm and $5,743.66 after his death. Appellants argue that the Gramm couple had a "mutual understanding" that, instead of utilizing for their living expenses the appointive property given to Dr. Gramm by his mother, they would draw upon the interest of Elizabeth M. Gramm in a pension fund to which she became entitled as a retired schoolteacher and that, upon the demise of Dr. Gramm, his wife would receive reimbursement for the depletion of her pension fund monies. In this way, the argument continues, Dr. Gramm, who enjoyed the right to invade all the property provided by Christianna K. Gramm, avoided the federal income tax liability which would have resulted from sales of appreciated securities in order to provide himself and his wife with sufficient funds for living expenses; and at the same time he held onto the securities during a period of rising market prices.

As this Court, speaking through Chief Justice BELL, stated in *Burleigh Estate,* 405 Pa. 373, 376, 175 A. 2d 838 (1961) and has held many times before and since, the intent of the testator, as gathered from all the language contained in the four corners of his will, his scheme of distribution, the circumstances surrounding him at the time he made his will and the existing facts, remains the "polestar" fixed for the guidance of the

courts in the interpretation of wills. Nothing in the will of Theodore K. Gramm, in the scheme of distribution or in the surrounding circumstances and existing facts indicates any provision by Dr. Gramm for reimbursement of his wife for the utilization of her pension funds for living expenses in lieu of the securities which were also available for this purpose. The plain language of the testamentary instrument as interpreted in *Gramm Estate, supra,* provided only a life estate for Elizabeth M. Gramm with a power to consume for her needs during her lifetime and made no allowance for any reimbursement for the use of property during the lifetime of the testator.

After the death of her husband, Elizabeth M. Gramm enjoyed the right to consume the property of which she was the life tenant. Instead, she chose to continue using her own pension fund payments for living expenses. As sensible as this plan may appear from the point of view of protecting the possibility of further appreciation in value of the property passed to her by the husband, the terms of Dr. Gramm's will make no allowance for reimbursement to Elizabeth M. Gramm for the invasion of her own funds for her needs. The securities or the proceeds from the disposition of such securities constituting the life tenancy of Mrs. Gramm and remaining after her death pass under the will of Theodore K. Gramm to his sister without any deduction for what Elizabeth M. Gramm could have done had she decided not to use her own funds for her living expenses.

Decree affirmed. Costs on appellants.