Heiney Will.

Argued January 8, 1974. Before JONES, C. J., O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

reargument refused May 13, 1974.

*Joseph D. Shein,* with him *Menno B. Rohrer,* for appellants.

*James F. Heinly,* with him *Lawrence J. Ruggiano,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, March 25, 1974:

For six months prior to his death, Samuel C. Heiney was aware that he had terminal cancer. During this period his physical condition deteriorated rapidly. Seventeen days prior to his death, Heiney executed a will devising his farm to his son L. Russell Heiney[1] and directing the residue of his estate to be converted

---

[1] During testator's lifetime L. Russell Heiney had farmed his father's land on a share basis.

into cash and divided equally[2] among his eight children.[3]

Six of decedent's eight children challenged the will. The only evidence presented to the register of wills by contestants was the testimony of a handwriting expert. The proponents of the will called the subscribing and attesting witnesses. The register found the signature genuine and concluded that contestants failed to establish either lack of testamentary capacity or undue influence.[4]

In the orphans' court, the challengers requested that a jury be impanelled to decide the issue of testamentary capacity. The court refused this request and filed an opinion in support of its decision. After taking extensive testimony, the court affirmed the register's decree and issued a second opinion. This appeal followed.[5] We affirm.

Appellants have concentrated their attack upon the alleged lack of testamentary capacity. They contend that the orphans' court erred in placing upon them the burden of proving the decedent's lack of capacity. While admitting the general rule is that testamentary capacity is presumed, *Brantlinger Will,* 418 Pa. 236, 210 A.2d 246 (1965); *Williams v. McCarroll,* 374 Pa. 281, 97

---

[2] For reasons of his own, testator bequeathed the share of one child, Samuel J. Heiney, to a daughter with the "wish that she will use the additional share given to her for the benefit of my son, SAMUEL J. HEINEY."

[3] The 1965 will superseded one executed on September 11, 1959. The earlier document provided for an equal division of all property, real and personal, among the eight children.

[4] The allegation of undue influence, although raised before the register, was abandoned in the orphans' court and is thus not before this Court.

[5] This Court has appellate jurisdiction in matters decided in the orphans' court division. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(3), 17 P.S. § 211.202(3) (Supp. 1973).

A.2d 14 (1953), appellants assert that this case falls within an exception to the rule.

In *Girsh Trust,* 410 Pa. 455, 189 A.2d 852 (1963), this Court held that when a settlor for two years prior to the execution of an inter vivos trust had been under treatment for "paranoid schizophrenia," and for four years thereafter was institutionalized, the presumption of competency had been overcome. The burden then shifted to those asserting the validity of the instrument to prove that it was executed during a lucid interval. Id. at 468-70, 189 A.2d at 858-59. See *First National Bank v. Wirebach's Executor,* 106 Pa. 37, 46 (1884).

Here, however, the trial judge was justified in concluding that appellants failed to meet their initial burden of showing mental incapacity. Although appellants produced numerous witnesses who testified that in their opinions decedent's mental faculties were declining, we cannot, on the instant record, conclude as a matter of law that the orphans' court erred in refusing to shift to appellees the burden of proving testamentary capacity. *Dettra Will,* 415 Pa. 197, 201, 202 A.2d 827, 830 (1964). The evidence was in conflict. Credibility was the determining element. The scope of our review is limited to whether findings of fact are supported by sufficient evidence and whether there has been an error of law or abuse of discretion. *Shewchuk Estate,* 444 Pa. 249, 260, 282 A.2d 307, 313 (1971); *Mintz Trust,* 444 Pa. 189, 196, 282 A.2d 295, 299 (1971); *Gramm Estate,* 437 Pa. 381, 386, 263 A.2d 445, 447 (1970); *Abrams Will,* 419 Pa. 92, 101, 213 A.2d 638, 643 (1965). We conclude that sufficient evidence supports the orphans' court's finding that appellants had not established habitual unsoundness of mind or lack of testamentary capacity. The presumption of testamentary capacity thus survived.

It is also argued that the orphans' court erred in not finding that the signature on the 1965 will is a

forgery. Appellants presented a handwriting expert and several lay witnesses who testified that in their opinions the signature was not testator's. The proponents of the will called a subscribing witness and an attesting witness. The orphans' court, as finder of fact, accepted the testimony offered by the proponents. This was not error. *Shewchuk Estate,* supra; *Mintz Trust,* supra.

Forgery presents an issue of fact, resolution of which necessarily turns on the court's assessment of the witnesses' credibility. That the contestants produced expert testimony does not preclude the trier of fact from independently evaluating the evidence. *Cline Will,* 433 Pa. 543, 547-49, 252 A.2d 657, 660-61 (1969); *Elias Will,* 429 Pa. 314, 321, 239 A.2d 393, 396 (1968); *Pochron Will,* 367 Pa. 306, 80 A.2d 794 (1951).

Appellants raise one additional assignment of error. They urge that the orphans' court erred in failing to submit questions of fact to a jury. The decision whether to impanel a jury is within the discretion of the orphans' court.[6] As we noted in *Holtz Will,* 422 Pa. 540, 544, 222 A.2d 885, 888 (1966) (emphasis in original), "there is now no *statutorily-mandated* right to a trial by jury in a will contest; the impanelling of a jury lies solely within the discretion of the chancellor. Moreover, since a jury verdict is now advisory only, the refusal of the chancellor to impanel a jury does not constitute an abuse of discretion . . . ."

---

[6] 20 P.S. § 777(c) (Special Pamphlet, 1972) provides: "When a contest shall arise concerning the validity of a writing alleged to be testamentary, or concerning any matter . . . the orphans' court division, in its discretion at any stage of the proceedings, may impanel a jury to decide any question of fact, but the verdict of the jury shall be advisory only." This subsection is a reenactment, in substantially the same language, of the Act of July 14, 1961, P.L. 610, § 1.

The decree of the Court of Common Pleas, Orphans' Court Division, of Lancaster County is affirmed. Each party to pay own costs.

Mr. Justice EAGEN took no part in the consideration or decision of this case.