Jayne Ann WOODS, Commissioner, Department of Revenue, Appellant,

v.

John William PASCHALL, Executor, Appellee.

Supreme Court of Tennessee.

March 14, 1977.

Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, for appellant; R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

William B. Black, Tiptonville, for appellee.

## OPINION

BROCK, Justice.

This is an action by an executor to recover a portion, paid under protest, of inheritance taxes assessed. In 1955, William Thomas Paschall, reserving a life estate in an undivided one-sixth interest in a certain tract of land, by deed transferred the remainder together with the other five-sixths, to his son, John William Paschall. It was stipulated in the deed that the son was to pay to each of his five sisters the sum of $8,000.00. John William Paschall distributed $40,000.00 among his sisters before the death of his father and is now the owner of the land.

By virtue of the life estate retained by the decedent, the transaction was made subject to the state inheritance tax. T.C.A. § 30–1602(d). The question presented is whether the amount of the tax should be based upon the full value of the property transferred or upon that value less the $40,000.00 paid by the son to his sisters during the lifetime of the grantor.[1]

The Chancellor found that John William Paschall did pay the $40,000.00 to his sisters upon the direction of his father as consideration for the transfer of the property and, since no bill of exceptions is in the record, it must be conclusively presumed that the evidence supported this finding.

However, the ruling that the sum was a valuable consideration within the meaning of the statute and that, as such, it is not includable in the taxable estate is a legal conclusion subject to review. Under T.C.A. § 30–1602(f), a transfer of property otherwise subject to the inheritance tax is exempt from tax to the extent that it represents "the equivalent in money value of the money value of such present consideration received by the transferor." (Underscoring added.) The Commissioner insists that the statute, by virtue of the four underscored words, requires that the transferor perform the ritual of laying his hands upon such consideration in order for the exemption to apply.

We do not so construe the legislative intent. Here, the transferor did receive the money in the sense that he controlled the disposition of it during his lifetime. The fact that he directed payment of the money to his daughters rather than appropriate it to his own use does not affect its character as consideration for the transfer. Restatement of Contracts, § 75(2). Nor does the statute prevent his making an *inter vivos* gift of the money given as consideration. This clearly was the effect of the transaction.

Had William Thomas Paschall accomplished the division of his property by a like *testamentary* disposition, the money given to the plaintiff's sisters obviously would be taxable. T.C.A. § 30–1601. Conversely, had he not reserved a life estate in himself, the whole property would have escaped the inheritance tax. The reason the $40,000.00 is not taxable in the present case is that it was given during the transferor's life, free of any device preventing it from taking effect in possession or enjoyment during his lifetime, and too long before his death to be taxable as a gift in contemplation of death. T.C.A. § 30–1602.

1. Because the issue has not been raised, we do not decide whether the amount of the exclusion should be more or less than the consideration of $40,000.00 paid. We note, however, that the language of T.C.A. § 30–1602(f) may mean that the amount of the exclusion in such cases should be such proportion of the total value of the transferred property on the date of death as the amount of the consideration paid bears to the value of such property on the date of its transfer; e. g., if the consideration paid was 75% of the value of the property on the date of its transfer, the amount of the exclusion would be 75% of the value of the property on the date of death of the transferor.

In a number of cases, this Court has construed this tax, not as a levy against the estate or the right to transfer property at death, but as a privilege tax upon the right of the beneficiary to receive property from the decedent. *Henson v. Monday*, 143 Tenn. 418, 224 S.W. 1043 (1920); *American National Bank & Trust Co. of Chattanooga v. MacFarland*, 209 Tenn. 263, 352 S.W.2d 441 (1961). We also have held that the inheritance tax is to be strictly construed against the state. *English's Estate v. Crenshaw*, 120 Tenn. 531, 110 S.W. 210 (1908). The Chancellor's Order, measuring the tax only by the amount which the son did receive upon the death of his father, is in keeping with these principles. It is, therefore, affirmed. Costs incurred upon this appeal are taxed to the appellee.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.