397 A.2d 1207

Melvin R. CLAYCOMB

v.

**Elta R. CLAYCOMB, Appellant.**

Superior Court of Pennsylvania.

Argued April 11, 1978.

Decided Feb. 15, 1979.

J. Phillips Saylor, Johnstown, for appellant.

Frank A. Orban, Jr., Somerset, for appellee.

Before JACOBS, President Judge and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

This case is in trespass. Plaintiff asks for damages for injuries he received in the collapse of a platform and steps outside the door of his sister's home. In a first trial the jury found for defendant, and the lower court en banc granted plaintiff's motion for new trial. In a second trial, a second jury found for the defendant. The court en banc again granted a new trial. Defendant has appealed to our court.

We reverse the lower court and order that judgment be entered on the verdict.

The appellate courts have consistently sustained the discretion of the trial court in granting new trials where a verdict seems clearly contrary to the weight of the evidence, but have reversed in many cases where it appeared that there had been an abuse of that discretion.

The applicable policy has been expressed recently in *Dixon v. Andrew Tile and Manufacturing Corp.*, 238 Pa.Super. 275, 282, 357 A.2d 667, 670–71 (1976):

> "the standard governing the grant of a new trial on the ground that the verdict is against the weight of the evidence is well-settled. 'The grant of a new trial lies within the sound discretion of the trial judge, who is present at the offering of all relevant testimony, but that discretion is not absolute; this Court will review the action of the court below and will reverse if it determines that it acted capriciously or palpably abused its discretion.' *Burrell v. Philadelphia Electric Company*, 438 Pa. 286, 288–289, 265 A.2d 516, 517 (1970). A lower court, however, may not grant a new trial merely because it believes that the jury should have decided differently. A new trial should not be granted on the ground that the verdict is against the weight of the evidence where the evidence is conflicting and the jury could have decided in favor of either party . . . 'A new trial should be awarded on the ground that the verdict is against the weight of the

evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail . . . ' Essentially, we must examine the trial court's grant of a new trial in the light of the seriousness of the jury's departure from the result which the trial court feels is dictated by the evidence. When the evidence is contradictory and the case close, the jury verdict must be given greater weight. See *Gilligan v. Shaw*, 441 Pa. 305, 272 A.2d 462 (1971); *Austin v. Ridge*, 435 Pa. 1, 255 A.2d 123 (1969); *Reese v. Hughes*, 223 Pa.Super. 311, 299 A.2d 653 (1973)."

In this present case our review of the record indicates that there were weaknesses and contradictions in plaintiff's evidence which clearly support the verdict against him. On the day of the accident plaintiff was an invitee to his sister's home. He was a relatively frequent visitor, housed his car in the integral garage, normally used the interior stairs to the second floor where his sister lived, but on this day he used the outside stairs. He had previously owned the building, and had rented and then sold it to his sister, defendant herein, in March 1973. On July 2, 1973 his sister asked him to come to her home to discuss some personal matters. In May, 1973 there had been three days of unusually heavy rains, and defendant had asked him what to do about all the water coming down on her property. He suggested she call the Town Supervisors. She did. On the evening of July 2, plaintiff went up the outside steps of the house, stood on the platform at the top, called to his sister or knocked; she came and opened the door. He stepped back to let the door open, and the steps and platform came away from the wall and fell causing personal injuries to plaintiff.

The next morning he came back to the premises, saw that the vegetation had washed away near the base of the steps and that the brick around the outside runner of the steps had sunk into a hole eight to ten inches deep. The lag bolts which held the steps to the building were "in fair condition" —"a little rusty" but the wood into which they had been inserted was solid.

Defendant was called as for cross-examination and testified that there were unusually heavy rains on May 22, 23, and 24, 1973, which washed out vegetation in the area of the steps. She said a board under the bricks supporting the runner of the steps seemed like it was warped, and

"it came to my mind maybe I should see Melvin, talk to him and see whether that should be replaced . . . ."

Benjamin Stern, whose business was construction and who built the house but not the steps and platform, testified in behalf of plaintiff that he viewed the premises on July 3, 1973; that the lag bolts were a little bit rusty, but the wood sound; that the brick below the outside runner had settled down (although he did not observe or look for a hole 8 to 10 inches deep as testified to by plaintiff). In answer to a hypothetical question, which asked him to assume that the hole existed, he said:

"If the hole was there, then that would cause the straining on the braces and also where it was fastened on the building, to pull away from the building."

There was no testimony that anybody had had any trouble with the steps and platform before the accident. Plaintiff himself testified that he observed no wiggling or motion of the steps or anything unusual as he climbed the steps and stood on the platform just before the accident. The defendant (called by plaintiff) had no trouble or problems with the steps after the heavy May rains.

The trial judge ruled as a matter of law that the plaintiff was an invitee and that defendant's duty toward him was governed by Section 343 of the Restatement, Second, Torts and *Blasi v. Bonnert*, 186 Pa.Super. 179, 142 A.2d 752 (1958), specifically, a duty of "reasonable care" for the invitee's protection and safety; to keep the premises in "reasonable safe condition"; to warn plaintiff of "any defects known or discoverable by the exercise of reasonable care and diligence"; but no duty as to "a latent defect of which [defendant] is ignorant and which could not be discovered in the exercise of reasonable care and diligence." (All quotes are from *Blasi v. Bonnert*, supra, 186 Pa.Super. at page 182, 142 A.2d at page 754).

*Blasi v. Bonnert,* supra involved, as does our case, an unexpected collapse of an outside porch. The big differences between the cases is that there the defendant's premises were used as a store, to which plaintiff was a business visitor, and that there the plaintiff won a verdict from the jury which the trial court refused to set aside.

Section 343 of the Restatement requires of a property owner only "reasonable care", and it is the jury's function, not the trial judge's, to determine whether defendant in this case acted unreasonably.

It must be remembered in this present case that plaintiff had the burden of proof of a failure of duty on the part of defendant which was a proximate cause of plaintiff's injuries. Plaintiff failed to carry that burden successfully before each of two juries. The record is by no means so inconsistent with the jury's finding for the defendant as to require a third trial.

The jury was not required to accept Mr. Stern's expert testimony as to causation, *Heiney Will,* 455 Pa. 574, 318 A.2d 700 (1974). Plaintiff's testimony as to the existence of a hole 8 to 10 inches deep was not confirmed by the testimony of either Sterns or defendant (called as a witness for plaintiff).

If there was erosion of soil at the base of the steps because of the heavy May rains, there is no evidence in the record that this erosion was such a *patent* defect that the stairs and platform had become unsafe as to require defendant to warn plaintiff of a danger. If, argumentatively, the erosion was such a patent defect, defendant had called plaintiff's attention to the heavy flow of water in the area and asked for his advice about it.

Defendant was plaintiff's sister, aged 69, who bought the property from plaintiff and looked to him for guidance as to maintenance of the property. Plaintiff had been the owner of the property in question until March, 1973, some four months before the accident. He was on the premises from time to time thereafter. He had been told by his sister of the heavy May rains and was asked for his advice as to it.

Neither he nor his sister had any indication before the accident that the stairs and platform were unsafe. Mr. Stern's opinion as to causation is, at best, only an opinion based to some extent on an assumed fact not confirmed by his own observation of the premises.

There is ample evidence in the record to sustain a verdict for the defendant.

The order granting a new trial is reversed, and judgment is to be entered on the verdict.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.