**IN THE MATTER OF THE ESTATE OF**
**WARREN H. YOUNG, Deceased**

Probate No. 44/1980

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

October 11, 1983

JAMES H. ISHERWOOD, ESQ., Christiansted, St. Croix, V.I., *for Estate of Warren H. Young, Deceased*

ARTHUR C. BRIGGS, III, ESQ., Assistant Attorney General, Charlotte Amalie, St. Thomas, V.I., *for Government of the Virgin Islands*

FINCH, *Judge*

## MEMORANDUM OPINION

The executrix for the Estate of Warren H. Young has petitioned this Court for a determination of the inheritance tax due in the above probate matter. The facts are not in dispute.

The decedent, Warren H. Young, a resident of the Virgin Islands died on St. Croix, Virgin Islands on June 6, 1980. Pursuant to paragraph five (5) of the decedent's will, dated November 19, 1976, he directed that all of the residuary estate pass to the trustees of the Warren H. Young Family Trust, which was established in 1973.

On June 2, 1983, the executrix of the estate filed a Petition for Distribution with the Territorial Court. The Attorney General and the executrix of the estate cannot agree on the proper computation of the tax. Using 33 V.I.C. § 1, the executrix computed the tax on what that section of the code designates as a Class I inheritance. The tax rate on Class I inheritances is 5%. The Attorney General, on the other hand, taking exception to computation, argues that 33 V.I.C. § 3 should apply, and that this section designating the inheritance as being a Class III inheritance, the estate should be subjected to the higher tax rate of 15%.

The legal question presented, viz, whether or not a testamentary trust for tax purposes must be considered a Class I or a Class III inheritance, is one of first impression in this jurisdiction.

██ The all important task, indeed, the focal point of analysis in a case such as the one at bar concerns the identification of the party who secures the assets, interests and enjoyment from the decedent's estate. The taxable incident is the transfer of an economic interest or enjoyment which takes effect after the death of the transferor. 42 Am.Jur.2d Inheritance, Etc., Taxes § 105 at 306 (1969). See also Estate of Beck, 489 Pa. 276, 414 A.2d 65 (1980); In re Wilson's Estate, 81 Ill. 2d 349, 410 N.E.2d 23 (1980); Tax Commissioner v. Bissell's Estate, 173 Conn. 232, 377 A.2d 305 (1977); Woods v. Paschall, 547 S.W.2d 575 (1977). As stated in 42 Am.Jur.2d Inheritance, Etc., Taxes § 342 at 552 (1969):

> The incidence or burden of an inheritance tax is placed upon the recipient of the property, even though an executor, administrator, or *trustee* is required to deduct the tax before transferring property or to collect the tax thereon from the person entitled to such property, and although the tax must be paid in the first instance by the executor, administrator, or *trustee* who is personally liable therefor. Similarly, the ultimate burden of an

inheritance tax rests upon the property transferred to the beneficiary, though both the fiduciary in charge of the estate and the transferee of the property are liable for the payment of the tax. (Emphasis added).

It appears then that it is the right of ultimate possession or enjoyment of property, rather than the vesting in interest which is the basis of the tax levy. Seymour Trust Co. v. Sullivan, 152 Conn. 282, 206 A.2d 420 (1964). It is a logical presumption that the decedent should have desired to provide for the welfare of his family. He did so by directing in his will that his residuary estate pass to The Warren H. Young Family Trust established in 1973. The Court agrees with the Government that the trust, as a legal entity, is the first transferee of the legacy of the testator. But the analysis should not stop at this point.

 The property was passed to the trust for the beneficial enjoyment of the beneficiaries. They are the ultimate recipients of the testator's residuary legacy. Furthermore, it is the opinion of this Court that the trust and its trustees are mere conduits through which the property of the testator passes or flows to the ultimate recipients, the beneficiaries. Therefore, the Court holds that for purposes of computing the inheritance tax, the property transferred into a trust upon the death of the testator shall be deemed to have been inherited by those persons who derive the beneficial enjoyment from the testator's property.

Having determined that it is those persons who derive beneficial enjoyment from the testator's legacy who are treated as having inherited the testator's legacy, the Court is now in a position to examine the applicable section of the Virgin Islands inheritance tax statute to determine the appropriate rate of taxation in the instant probate matter.

Title 33 V.I.C. § 1 reads:

(a) A tax of 5% is hereby imposed on inheritances which fall from husband to wife, from wife to husband, from ascendants to descendants or from children to parents, which, for purposes of this section shall be described as Class I inheritances.

██ Since it is the wife and children of the decedent who are "inheriting" the residuary legacy of the decedent, the Court finds that the appropriate tax rate to compute the tax due in this probate matter is five (5) percent.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED, ADJUDGED AND DECREED that the residuary estate passing to the Warren H. Young Family Trust shall be considered a Class I inheritance and, therefore, subject to a five percent (5%) tax rate.