446

648 A.2d 589

In re ESTATE OF Martha L. MAGUIRE, Deceased.

Appeal of DEPARTMENT OF REVENUE, Appellant.

Commonwealth Court of Pennsylvania.

Argued June 15, 1993.

Decided Sept. 16, 1994.

Robert S. Englesberg, Deputy Atty. Gen., for appellant.

David C. Mason, for appellee.

Before DOYLE and SMITH, JJ., and KELTON, Senior Judge.

DOYLE, Judge.

This is an appeal by the Department of Revenue (Department) from an order of the Court of Common Pleas of

Clearfield County, Orphans' Court Division, which sustained the appeal of the Department's assessment of inheritance tax on the Estate of Martha L. Maguire (Estate).

On August 24, 1989, Martha L. Maguire, the decedent, transferred real property located in Clearfield County, Pennsylvania to John Albert White and Martha Lee White, her niece.[1] In making this transfer, Maguire reserved for herself a life estate in the property. The deed consideration was one dollar and the property had a fair market value of $26,000 at the time of Maguire's death.

Maguire died testate on September 16, 1990, one year and twenty-three days after the real estate was conveyed to the Whites. Maguire's will was probated, and, on December 16, 1990, the Department assessed inheritance tax on the entire value of the property ($26,000). The Estate appealed the Department's assessment to the Court of Common Pleas, arguing that only the value of the decedent's retained life estate ($11,351.34)[2] should be considered when calculating the assessment. The Department, however, maintained that under Section 1707 of the Pennsylvania Inheritance and Estate Tax Act of 1982 (Act of 1982), 72 Pa.C.S. § 1707,[3] the entire value of the transferred property is subject to inheritance tax. The trial court agreed with the Estate and sustained its appeal. This appeal followed.

The sole issue on appeal is whether the inheritance tax on property transferred by a decedent to a third party, without valuable consideration and more than one year prior to her

1. All pertinent facts in this case have been stipulated to by the parties and are contained in the Agreed Statement of Record.

2. The Estate obtained this figure by using the decedent's life estate factor of .43659 and multiplying it by the total value of the property. The estate factor is derived from federal regulations pursuant to Section 1721 of the Inheritance and Estate Tax Act of 1982. 72 Pa.C.S. § 1721.

3. The Act of 1982 was repealed by Section 42 of the Act of August 4, 1991, P.L. 97. The subject matter in Section 1707 of the Act of 1982 is now covered by Section 2107 of the Inheritance and Estate Tax Act, Act of March 4, 1971, P.L. 6, as amended, 72 P.S. § 9107. Section 2107 was added by Section 36 of the Act of August 4, 1991, P.L. 97. While the Act of 1982 was repealed, it nevertheless applies to the instant case, since Maguire died when the Act was still in force.

death, but which reserved a life estate in the decedent, should be based on the entire value of the property or only on the value of the life estate. We reverse the trial court and hold that the inheritance tax should be based on the entire value of the property.

Under Section 1707 of the Act of 1982, property transferred by inter vivos gift may, under certain circumstances, be subject to tax to the same extent as property transferred through will or intestacy. Section 1707(c)(5) of the Act provides:

(5) A transfer conforming to paragraph (1) [transfers which are made without valuable consideration] and under which the transferor expressly or impliedly reserves for his life or any period which does not in fact end before his death, the possession or enjoyment of, or the right to the income from, the property transferred ... is subject to tax.

72 Pa.C.S. § 1707(c)(5).

This provision clearly encompasses the situation found in the present case. At the time of transfer, Maguire created a life estate for herself in the property. Contemporaneously, John and Martha White received a remainder interest. It was only upon Maguire's death that the remainder passed to the Whites and they took full possession as owners in fee simple. The Whites received more than just the value of Maguire's life estate at that time; they took title to the entire property. Therefore, under the plain language of the statute, the full value of the property should be taxed rather than only the value of Maguire's life estate.

This case is similar to *Estate of Beck*, 489 Pa. 276, 414 A.2d 65 (1980). In *Estate of Beck*, the decedent, Beck, and her sister had conveyed jointly owned property to Foster, their niece, while reserving for themselves a concurrent life estate. All three persons lived in the house conveyed. Upon Beck's death, Foster, as remainderman, came into possession of her aunt's one-half interest in the property. The Pennsylvania Supreme Court found that it was proper to tax the niece on the value of half the property, the value of the remainder

interest which she received upon her aunt's death.[4]  *Id.*  The court stated that since the transfer was effectuated without valuable consideration and the decedent continued to be in possession until death, the transfer was taxable.[5]  *Id.*

*Estate of Beck* is controlling in this case.  The Whites, as remaindermen, hold the same position which Foster had held in *Estate of Beck.*  In both cases, real estate was conveyed without consideration.  Also, Beck and Maguire retained life estates and continued in possession until their deaths.  Finally, Foster and the Whites owned remainder interests in the respective properties which became possessory only after Beck and Maguire died.

In the present case, the Whites acquired full and complete ownership of the property upon the death of Maguire.  Therefore, the property in this case should be taxed at its full value of $26,000.

Accordingly, we reverse the order of the trial court.

## ORDER

NOW, September 16, 1994, the order of the Court of Common Pleas of Clearfield County in the above-captioned matter is hereby reversed.

4.  Foster's other aunt, Johns, was still alive at this time.  Thus, the estate was still burdened by Johns' life estate.  Only 50% of the value of the property was taxed because this represents the proportion of the property which was transferred by Beck to Foster.  Foster would receive full title to the property only after Johns' death.

5.  *Estate of Beck* was decided under Section 224 of the Pennsylvania Inheritance and Estate Tax Act of 1961, Act of June 15, 1961, P.L. 373, 72 P.S. § 2485–224.  Although the statute has been revised since that case was decided, the statutory language which governed in *Estate of Beck* is incorporated in the relevant provisions of the Act of 1982 which determines the outcome of this case.  *Compare* 72 P.S. § 2485–224 with 72 Pa.C.S. § 1707.