**In re ESTATE OF Sandra NEIDERHISER**

**Appeal of Commonwealth of Pennsylvania, Department of Revenue.**

Commonwealth Court of Pennsylvania.

Argued Feb. 2, 2004.

Decided May 14, 2004.

Thomas J. Gohsler, Harrisburg, for appellant.

Daniel C. Hudock, Latrobe, for appellee.

BEFORE: McGINLEY, Judge, COHN, Judge, KELLEY, Senior Judge.

OPINION BY Judge McGINLEY.

The Department of Revenue (Department) appeals from the order of the Court of Common Pleas of Westmoreland County, Orphans' Court Division (Orphans' Court) that directed the Department to remit to the Estate of Sandra L. Neiderhiser (Estate) the sum of $8,904.00, which represented the amount of inheritance tax assessed against the Estate on two individual retirement accounts (IRA's).

On October 31, 1999, Sandra L. Neiderhiser (Decedent) died. Decedent's will was admitted to probate and the Register of Wills granted letters testamentary to her husband, Wilbert M. Neiderhiser (Executor).

On or about February 20, 2001, Executor filed an inheritance tax return for the Estate. Schedule E was attached to report assets totaling $4,779.89: Commercial National Bank CD valued at $2,779.89 and miscellaneous jewelry valued at $2,000.00. Schedule H was attached and reported expenses and costs totaling $12,533.43. Because deductions exceeded gross assets, Executor reported that no inheritance tax was due. *See* Inheritance Tax Return, February 20, 2001; Reproduced Record (R.R.) at 1a, 4a, & 5a.

On April 9, 2001, the Department issued a notice of inheritance tax appraisement

for Decedent's Estate assessing tax at $8,904.00 plus interest and penalties of $549.07, which amounted to $9,453.07.[1] The Estate paid, under protest, the assessed amount.

On or about May 30, 2001, the Estate appealed to the Orphans' Court from the notice of inheritance tax appraisement and assessment of inheritance tax. In its appeal, the Estate alleged that "[s]ince the Individual Retirement Accounts are exempt under the provisions of 72 P.S. § 9111,[2] the Department erred in assessing tax in this estate...." Appeal from Notice of Inheritance Tax Appraisement and Assessment of Inheritance Tax, May 30, 2001, Paragraph 8(c) at 3; R.R. at 11a. The Department answered the Estate's appeal; however, no additional pleadings were filed. Neither a hearing nor discovery was conducted in this matter.

By order dated June 19, 2003, the Orphans' Court directed the Department to refund the inheritance tax assessed against the Estate for the two IRA's. The Orphans' Court determined:

It was agreed by all of the parties that Sandra L. Neiderhiser, the Decedent,

never actually withdrew any funds from her retirement account.

. . . .

It would appear the [sic] our Pennsylvania Supreme Court attached two conditions precedent to the notion of exceptions to the general proposition that generally retirement payments from employee benefit plans should be exempt from inheritance tax. The two conditions that would apply to the case at hand would be the following. First, that the Decedent obtain the age of 59 1/2 [sic]. In this case, there is no question that the Decedent had obtained the age of 59 1/2 and was actually, in fact, 59 years and 10 months old. The second condition precedent established by our Pennsylvania Supreme Court in the Ravdin case [3] is that the Decedent actually retire. It would appear that by choosing to retire, the Decedent would then be exercising dominion and control over the retirement fund.

In reading the Ravdin case closely, this Court concludes that the Decedent in the instant case had no obligation imposed upon her to choose to retire. In other words, she could choose to do nothing. If she chose to do nothing, she

---

1. The tax examiner explained:

    The two (2) IRA's reported on the Federal Estate Tax return valued at $296,801.06 & $18,838.34, respectively, have been included on the PA Inheritance Tax return. The decedent was over the age of 59½, thus these account[s] are fully taxable and reportable in the estate.½ of the IRA valued at $296,801.06 has been taxed to the children at 6 percent as beneficiaries. The other½ of this IRA plus the IRA valued at $18,838.34 has been taxed at zero percent to the spouse. All deductions of the estate have been assessed against the spouse's portion of the IRA's.

    Inheritance Tax Explanation of Changes, April 9, 2001, at 1; R.R. at 8a.

2. Section 2111(r) of the Inheritance and Estate Tax Act, Act of March 4, 1971, P.L. 6, *as*

*amended,* added by Section 36 of the Act of August 4, 1991, P.L. 97, 72 P.S. § 9111(r), provides:

> Payments under pension, stock bonus, profit-sharing and other retirement plans, including, but not limited to, H.R.10 plans, individual retirement accounts, individual retirement annuities and individual retirement bonds to distributees designated by decedent or designated in accordance with the terms of the plan, are exempt from inheritance tax to the extent that decedent before his death did not otherwise have the right to possess (including proprietary rights at termination of employment), enjoy, assign or anticipate the payment made.

3. *Estate of Ravdin,* 484 Pa. 562, 400 A.2d 591 (1978).

is not exercising dominion and control to such an extent that the exceptions to 93.131(d)(1) would apply.

. . . .

This Court finds that, in the case at bar, the Decedent did not have a substantial present economic benefit because she had not exercised her right to receive monies under her retirement plan and thus, had no substantial present economic benefit at the time of her death.

Orphans' Court Opinion, June 19, 2003, at 3, 5 & 7.

■■■ On appeal,[4] the Department contends: 1) that the Orphans' Court erred when it reversed the assessment of inheritance tax because there was no evidence of record to support the Estate's contention that the IRA's were exempt, and 2) that the Orphans' Court mischaracterized the nature of the IRA's as "Keogh" plans. This Court agrees.

■■■ Initially, the Department asserts that the Orphans' Court based its decision upon insufficient evidence. It is widely accepted that the taxpayer carries the burden of proving an improper assessment. *See Fiore v. Commonwealth,* 668 A.2d 1210 (Pa.Cmwlth.1995).

Here, a review of the record consists primarily of tax documents, Decedent's last will and testament, and pleadings. Although it had ample opportunity to submit further evidence, the Estate presented no documentation that described the IRA's, particularly the date of death balance of the accounts and the terms and conditions for withdrawals. Also, there was no stipulation that indicated whether Decedent received any distributions during her lifetime.

The Orphans' Court determination that Decedent had no substantial economic benefit in the IRA's is unsupported by evidence of record. This Court is constrained to conclude that the Estate shouldered neither the burden of production nor persuasion.

Next, the Department maintains that the Orphans' Court erroneously applied a "Keogh" plan analysis, which, plans operate under substantially different legal principles than those that apply to an IRA, the investment vehicle utilized by Decedent.

In *Ravdin,* Dr. Robert Glenn Ravdin (Dr. Ravdin) died at the age of 49 years old. Dr. Ravdin had a "Keogh" pension plan;[5] however, his executor excluded the proceeds upon filing the inheritance tax return. The Department included the value of Dr. Ravdin's interest in the "Keogh" plan when it assessed inheritance tax against his estate. The Court of Common Pleas of Montgomery County, Orphans' Court Division determined that the "Keogh" plan was exempt from tax. Our Pennsylvania Supreme Court affirmed and concluded:

> Dr. Ravdin had no substantive present economic benefit. He had a right to receive the fund only upon attaining age 59 1/2, and retiring, or upon his earlier disability, neither of which events were subject to his control. The fund was not in his possession, and he could not assign it or anticipate payments under it; even severance of the partnership would

---

4. This Court's review of an orphans' court decree is limited to a determination of whether the record was free from legal error and whether the court's factual findings were supported by the evidence. *Estate of Kinert v. Department of Revenue,* 693 A.2d 643 (Pa. Cmwlth.1997).

5. A "Keogh" plan is a defined contribution retirement plan established by a self-employed individual or partnership in accordance with federal regulations.

not accelerate any payment to Dr. Ravdin from the fund.

*Id.* at 571, 400 A.2d at 596.

In the present controversy, the Orphans' Court failed to distinguish the "Keogh" plan in *Ravdin* from the IRA's held by Decedent. "Keogh" plans are dependent upon the participant's employment status insofar as distribution is determined by employment conditions. Decedent's IRA's, on the other hand, were in no way tied to her employment. "Keogh" plans are also more restrictive than traditional IRA's with regard to limiting a participants' rights to access plan proceeds. This is where the Orphans' Court erred.

Further, the *Ravdin* decision was issued before the Department adopted regulations interpreting the statutory guidelines. A Department regulation was promulgated in 1986 to address the taxability of retirement accounts:

(d) *Employment benefit plans.*

(1) *General rule.* Payments received from employment benefit plans will be exempt from the inheritance tax to the extent that one of the following exist:

. . . .

(iii) The decedent during his lifetime did not have the right to possess, including proprietary rights at termination of employment, enjoy, assign or anticipate the payments made. A decedent will be considered as not having the right to possess, enjoy, assign or anticipate the employment benefit plan payments where the only rights under the plan are to designate a beneficiary or contingent beneficiaries, and to receive a regular monthly payment under the plan. The possession of either of these rights, alone or together, will not subject the plan to the inheritance tax, as long as no other rights exist.

(2) *Exceptions.*

(i) To the extent that a decedent, before death, possessed rights in an employment benefit plan beyond those described in paragraph (1)(iii), payments received from the plan will be subject to the tax unless exempted under paragraph (1)(i) or (ii) or otherwise exempt by statute. Rights under a plan which would subject the plan's payments to the tax include, but are not limited to:

(A) Right to withdraw benefits, including the right to withdraw only upon payment of a penalty or additional tax if the penalty or additional tax is smaller than 10% of the withdrawal.

(B) Right to borrow monies from the employment benefit plan.

(C) Right to assign the benefits of the employment benefit plan to another.

(D) Right to pledge the plan or its benefits.

(E) Right to anticipate the benefits of the employment benefit plan other than in regular monthly installments.

(F) Right by contract or otherwise, to materially alter the employment benefit plan.

61 Pa.Code § 93.131.

Because Decedent was over the age of 59½, she was eligible to receive monthly distributions from her IRA. Additionally, Decedent had the authority to borrow against her accounts, assign, pledge, or liquidate proceeds. The Orphans' Court misapplied the Department's regulation. Based on the rights Decedent exercised over her IRA's, the Department properly taxed the accounts.[6]

---

**6.** In *Estate of Beck,* 489 Pa. 276, 414 A.2d 65 (1980), Katherine Beck (Ms. Beck) and her sister, Elizabeth Johns, owned property as tenants in common. The sisters conveyed by deed the property to themselves and their niece, Emma Foster (Ms. Foster). After Ms.

Accordingly, the order of the Orphans' Court is reversed and the inheritance tax assessed by the Department is reinstated.

## ORDER

AND NOW, this 14th day of May, 2004, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is reversed and the Department of Revenue's assessment is reinstated.

Beck died, Ms. Foster, as executrix, filed the inheritance tax return but excluded the property. The Inheritance Tax Department determined that one half of the property's value was subject to tax. The executrix appealed, and the Court of Common Pleas of Schuylkill County, Orphans' Court Division upheld the assessed tax where the transfer lacked consideration and the transferor reserved for life the possession and enjoyment of the property. The executrix appealed the Orphans' Court decree to our Supreme Court, which affirmed. Like Ms. Beck, Decedent maintained control over the IRA's and postponed any right to possession by the beneficiaries. Therefore, the IRA's were indeed subject to tax.