Commonwealth of Pennsylvania, Department of Transportation, Petitioner *v.* First Pennsylvania Bank, N. A., Respondent.

Argued May 11, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*George D. Wenick,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for petitioner.

*Joseph L. Farrell, Jr.,* Assistant Counsel, with him *Leo Francis Doyle,* Counsel, for respondent.

OPINION BY JUDGE BARBIERI, October 17, 1983:

The Pennsylvania Department of Transportation (DOT) appeals here from an order of the Board of Claims (Board) awarding the First Pennsylvania Bank, N.A. (First Pennsylvania) $2,695.34 for breach of contract. We reverse.

In April of 1978, First Pennsylvania financed the purchase of a new automobile from Murphy Ford, and accordingly had a first lien on the vehicle. Murphy Ford then submitted an application to DOT, along with the requisite fee, requesting that DOT record the lien pursuant to the procedures specified in Section 1133(c) of the Vehicle Code, 75 Pa. C. S. §1133(c), which provides that

[u]pon receipt of the certificate of title, application and the required fees, the department shall endorse on the existing certificate of title, or on a new certificate which it then issues, the name and address of all secured parties and shall mail the certificate of title to the first lienholder named in the certificate.

DOT subsequently failed to endorse the title, however, and apparently mailed the title to the car's owner, instead of First Pennsylvania. The owner then sold the car, stopped making payments on his loan, and moved out of state. Thereafter, First Pennsylvania requested DOT to pay the outstanding balance on the automobile loan, $2,695.34, and DOT referred the matter to the Bureau of Risk & Insurance Management (Bureau). The Bureau subsequently denied the claim, however, and in response, First Pennsylvania filed a notice of claim with the Board, alleging that it was a third party beneficiary of a contract between DOT and Murphy Ford, which DOT had breached by its failure to record the lien, and by its failure to mail the title to the appropriate party. The Board subsequently accepted this assertion, and awarded damages to First Pennsylvania. The present appeal followed.

It is axiomatic that before a contract may be found, all of the essential elements of a contract must exist, including consideration. 8 P.L.E. Contracts §9 (1971). The requirement of consideration, of course, is nothing more than a requirement that there be a bargained for exchange. *Estate of Beck*, 489 Pa. 276, 414 A.2d 65 (1980). There can obviously be no such bargained for exchange if one of the parties is already legally bound to render the performance promised. *Chatham Communications, Inc. v. General Press Corp.*, 463 Pa. 292, 344 A.2d 837 (1975); *Cohen v. Sabin*, 452 Pa. 447, 307 A.2d 845 (1973).

In the present case DOT was legally required by the provisions of Section 1133(c) of the Vehicle Code to endorse the existing title, or a new one, with the names of all secured parties, and was further required to mail the endorsed title to the first lienholder, upon the occurrence of certain predetermined events, those being the submission of a certificate of title, an application, and a fee. There was, therefore, no bargained for exchange between Murphy Ford and DOT, and hence, no consideration. Accordingly, we believe that the Board erred as a matter of law by concluding that there was a contract between DOT and Murphy Ford in this case.

ORDER

AND Now, this 17th day of October, 1983, the decision of the Board of Claims dated December 29, 1981, awarding the First Pennsylvania Bank, N.A., $2,695.34 for breach of contract, is reversed.

Judge WILLIAMS dissents.