571 A.2d 536

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Plaintiff,**

**v.**

**John P. JOYCE, in his official capacity as Prothonotary of the Court of Common Pleas of Allegheny County, Pennsylvania, Defendant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 1990.

Decided March 7, 1990.

Jason W. Manne, Asst. Counsel, Pittsburgh, for plaintiff.

James R. Fitzgerald, Pittsburgh, for defendant.

Before CRAIG and PALLADINO, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Department of Public Welfare (DPW) filed an action for declaratory judgment in our original jurisdiction against the Prothonotary of Allegheny County (Prothonotary) in which it sought a declaration from this Court that the Prothonotary could not demand payment of fees and costs in advance in support actions. We previously overruled the Prothonotary's preliminary objections in the nature of a demurrer.[1] Presently pending for our disposition is the DPW's motion for judgment on the pleadings. We will grant the motion.

A motion for judgment on the pleadings is in the nature of a demurrer; all of the opposing party's allegations are viewed as true and only those facts which have been specifically admitted by him may be considered against him. *Cantwell v. Allegheny County*, 506 Pa. 35, 483 A.2d 1350 (1984). We may, of course, only consider the pleadings themselves and any documents properly attached thereto. *Bata v. Central–Penn National Bank of Philadelphia*, 423 Pa. 373, 224 A.2d 174 (1966), *cert. denied*, 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 433 (1967).

The factual allegations of DPW's petition for review, which we summarized in *Joyce I*, have all been admitted by the Prothonotary in his answer. Therefore, because we are dealing with precisely the same legal issue as we faced in

1. *See Department of Public Welfare v. Joyce,* 128 Pa.Commonwealth Ct. 341, 563 A.2d 590 (1989) (*Joyce I*).

*Joyce I,* DPW argues that our prior decision must govern, entitling it to judgment as a matter of law.

We agree that *Joyce I* controls the outcome here. However, because the parties at oral argument expressed some confusion as to the precise meaning of our holding therein, we will attempt to clarify and expand upon that decision.

We begin by noting that there are two basic categories of support actions. For the sake of convenience, we shall adopt DPW's terminology and refer to "RURESA" cases, those involving out-of-state parties and governed by the provisions of the Revised Uniform Reciprocal Enforcement of Support Act (1968), 23 Pa.C.S. §§ 4501–4540, and to "local" cases, generally involving in-state parties.

In *Joyce I,* we examined the applicable section of RURESA, 23 Pa.C.S. § 4515. That section provides:

An initiating court shall not require payment of either a filing fee or other costs from the obligee but may request the responding court to collect fees and costs from the obligor. A responding court shall not require payment of a filing fee or other costs from the obligee, but it may direct that all fees and costs requested by the initiating court and all fees and costs incurred in this Commonwealth when acting as a responding state, including fees for filing of pleadings, service of process, seizure of property, stenographic or duplication service or other service supplied to the obligor, be paid in whole or in part by the obligor or the state or political subdivision thereof. These fees and costs do not have priority over the amounts due to the obligee.

■ We concluded in *Joyce I* that the statutory language was clear: the court "shall not" require payment of "either a filing fee or other costs from the obligee...." The Prothonotary argues that DPW may not be considered an "obligee" because the legislature intended to limit the definition of "obligee" to "persons to whom a duty of support is owed or a political entity acting on behalf of that person for

the purpose of obtaining support and not the reimbursement of the state." (Prothonotary's brief at 6.)

"Obligee" is defined in 23 Pa.C.S. § 4502 as:

[a] person to whom a duty of support is owed *or a person, including a state or political subdivision, that has commenced a proceeding for enforcement of an alleged duty of support or for registration of a support order.* It is immaterial if the person to whom a duty of support is owed is a recipient of public assistance.

(Emphasis added.) There is nothing in this definition which implies that DPW would not be an obligee when attempting to enforce or procure an order of support for its own reimbursement. Further, 23 Pa.C.S. § 4508 expressly states: "[I]f a state or political subdivision furnishes support to an individual obligee, it has the same right to initiate a proceeding under this chapter as the individual obligee for the purpose of securing reimbursement for support furnished and of obtaining continuing support."

The Prothonotary argues that Section 4 of The Support Law, Act of June 24, 1937, P.L. 2045, *as amended,* 62 P.S. § 1974, sets forth the applicable procedure where DPW seeks reimbursement of sums advanced to a public assistance recipient, and that that section contains no exemption from the advance payment of fees and costs. However, the RURESA provisions were enacted later in time and are more specific regarding the matter at issue, i.e. payment of fees and costs in support actions. Accordingly, applying general principles of statutory construction, we must conclude that the RURESA provisions prevail. *See* 1 Pa.C.S. §§ 1936, 1933.

Finally, we note that the amount of reimbursement to which DPW would be entitled is limited to recouping the amount of public assistance it provided to the recipient to whom a duty of support is owed. Section 432.6(e) of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. § 432.6(e). That same section provides that DPW is the assignee, by operation of law, of the support recipient to whom it has provided public assistance.

When this section of the Public Welfare Code is read in conjunction with the above-referenced sections of RURESA,[2] it seems clear that the legislative intent was to excuse DPW from the payment of fees and costs when initiating or enforcing support proceedings in RURESA actions, regardless of its underlying motive. The Prothonotary's argument that only an indigent obligee may escape the payment of such fees finds no support in the statutory language.

■ We now turn to the question of whether DPW is required to pay fees and costs in the so-called "local" actions. It is not disputed that Pa. R.C.P. No. (Rule) 1910.4 excuses any party filing a complaint in a support action from paying a filing fee in advance.[3] The parties' dispute centers around whether DPW is required to pay other costs in advance, such as the costs imposed for indexing, entering and executing upon a judgment.

As noted in *Joyce I*, the official comment to Rule 1910.4 provides that subsection (b) of the rule is a continuation of the prior practice under Section 14 of The Pennsylvania Civil Procedural Support Law, Act of July 13, 1953, P.L. 431, formerly 62 P.S. § 2043.44.[4] 62 P.S. § 2043.44 provided as follows:

No fee shall be required to be paid in advance. The court of an initiating or responding county may, in its discretion, direct that any part of or all fees and costs incurred, including without limitation, by enumeration, fees for filing service of process, seizure of property and stenographic service, shall be paid by the parties or shall be borne by the county in which the costs have been

**2.** The rules of statutory construction direct that statutes which relate to the same subject matter should be construed together, if possible, as one statute. *See* 1 Pa.C.S. § 1932.

**3.** Rule 1910.4 provides:
   (a) An action shall be commenced by filing a complaint with the domestic relations section of the court of common pleas.
   (b) No filing fee shall be required in advance.

**4.** That statutory provision was repealed by Section 2(a) [1291] of the Judiciary Act Repealer Act (JARA), Act of April 28, 1978, P.L. 202, 42 P.S. § 20002(a) [1291].

incurred. When the action is brought by or through the state or local public welfare official, there shall be no filing fee.

While 62 P.S. § 2043.44 referred to various fees and costs, Rule 1910.4 only speaks of the "filing fee" for the commencement of an action as being exempted from advance payment. DPW argues that the remainder of 62 P.S. § 2043.44 was saved from repeal by the so-called savings clause of Section 3(b) of JARA, 42 P.S. § 20003(b). That section provides:

The specific repeals effected by section 2 are intended to eliminate obsolete, unnecessary or suspended statutory provisions. General rules promulgated pursuant to the Constitution of Pennsylvania and the Judicial Code in effect on the effective date of the repeal of a statute, shall prescribe and provide the practice and procedure with respect to the enforcement of any right, remedy or immunity where the practice and procedure had been governed by the repealed statute on the date of its repeal. If no such general rules are in effect with respect to the repealed statute on the effective date of its repeal, the practice and procedure provided in the repealed statute shall continue in full force and effect, as part of the common law of the Commonwealth, until such general rules are promulgated.

Because the language of Rule 1910.4 is not as broad as that of 62 P.S. § 2043.44, we must conclude that the latter's provisions remain in effect as part of the common law. The comment to Rule 1910.4 is both evidence of approval of prior practices and an indication that the rule was not intended to alter them.

We note that the terms of the current support law are in harmony with this conclusion. Just as 62 P.S. § 2043.44 provided for the discretionary imposition of costs and fees by a responding or initiating court, 23 Pa.C.S. § 4351 provides: "When it appears to the court that either party or both parties are financially able to pay costs and fees, the court *may* impose the costs and fees on either party or both

parties." (Emphasis added.) This language appears to assume that such costs and fees are not ordinarily payable in advance and leaves their imposition to a judge's discretion.

On the basis of the foregoing authority, we conclude that the Prothonotary may not collect fees and costs in advance from DPW in support actions. In RURESA actions, the Prothonotary is precluded by statute from collecting fees and costs from obligees, including DPW. In "local" actions, the Prothonotary may not collect fees and costs in advance, although such payments may be required by court order in individual cases.

For these reasons, we shall grant DPW's motion for judgment on the pleadings.

## ORDER

AND NOW, this 7th day of March, 1990, the motion of the Commonwealth of Pennsylvania, Department of Public Welfare for judgment on the pleadings in the above-captioned matter is hereby granted.