578 A.2d 632

**Herbert C. PETTICORD, Jr., Appellant,**

v.

**John P. JOYCE, Prothonotary, and Allegheny County, Appellees.**

Commonwealth Court of Pennsylvania.

Argued June 12, 1990.

Decided Aug. 13, 1990.

Michael F. Fives, Conway and Fives, Pittsburgh, for appellant.

James F. Fitzgerald, Sol., with him, Evan E. Lloyd, Asst. Co. Sol., for appellees.

Before CRAIG, President Judge, PALLADINO, J., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Herbert C. Petticord (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) which granted the motion for summary judgment of John P. Joyce, Prothonotary (Prothonotary) and Allegheny County (County) (collectively, Appellees). We affirm.

The facts are undisputed and are as follows. Appellant requested that Prothonotary conduct a search of the docket for any judgment liens indexed against a property that Appellant contemplated purchasing. On July 31, 1981, Prothonotary issued a lien certificate which stated in part: "I find no judgments entered [on the property] for the last five years, remaining open and unsatisfied ..." Appellant purchased the property. In January of 1982, the Department of Housing and Urban Development (HUD) informed Appellant that it had a lien on the property in the amount $13,415. Appellant checked the docket at the Prothonotary's office and found that the lien had been recorded on December 18, 1978. On March 16, 1984, Appellant filed suit against Prothonotary for damages sustained because Appellant had to pay the amount owed to HUD.

Prothonotary filed preliminary objections in the nature of a demurrer. Trial court granted the preliminary objections holding that it was the deputy prothonotary who actually performed the lien search and the Prothonotary could not be held responsible for the acts of employees which were not authorized by law and directed by the Prothonotary.

On appeal, the superior court affirmed, holding that a prothonotary was not authorized to issue lien certificates. The supreme court granted allocator, reversed the superior court, and held that the Prothonotary is authorized by statute to issue lien certificates. The supreme court reinstated Appellant's complaint.

Prothonotary, thereafter joined County as an additional defendant. Appellees filed an answer and in new matter alleged that the statute of limitations barred this action.[1] Appellees moved for summary judgment. Trial court held that the two-year statute of limitations for tort claims[2] barred the action.

The sole issue on appeal[3] is whether trial court erred in applying the two-year statute of limitations for tort actions.[4] Appellant argues that his cause of action is in contract and therefore, is controlled by the four-year statute of limitations for such actions.[5]

Appellant argues that he entered into a contract with the Prothonotary in which the Prothonotary offered to search his records and sell a lien certificate. Appellant states that he accepted that offer and paid a consideration of $20.00. Appellant argues that Prothonotary failed to properly

1. In new matter Appellees also alleged that Appellant's claim was barred by governmental immunity pursuant to 42 Pa.C.S. §§ 8541–8542. This conferred appellate jurisdiction on this court pursuant to 42 Pa.C.S. § 762(a)(7). However, because we dispose of this matter based upon the statute of limitations, we do not reach the immunity question.

2. 42 Pa.C.S. § 5524

3. Our scope of review of a trial court's grant of summary judgment is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Schreck v. North Codorus Township*, 126 Pa. Commonwealth Ct. 407, 559 A.2d 1018 (1989). A motion for summary judgment may be properly granted when the moving party establishes that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id.*

4. We need not determine whether the statute of limitations began to run on July 31, 1981, when the lien certificate was issued, or in January of 1982 when HUD notified Appellant of its lien, because Appellant did not file suit until more than two years after both possible triggering dates.

5. 42 Pa.C.S. § 5525.

search his records and improperly sold the lien certificate and thereby breached the contract.

The issue of the prothonotary's authority and duty to issue lien certificates has already been decided. *Petticord v. Joyce,* 516 Pa. 35, 531 A.2d 1383 (1987). What remains is the question of timeliness of a lawsuit charging negligence in the issuance of the certificate. Resolution of this issue of timeliness depends upon the nature of the cause of action because our·legislature has created different statutes of limitation for the institution of law suits depending upon whether they sound in tort or contract.

A fact pattern analogous to the one before us arose in *Department of Transportation v. First Pennsylvania Bank,* 77 Pa.Commonwealth Ct. 551, 466 A.2d 753 (1983), in which a car buyer purchased a car from a car dealership with bank financing. The car dealership submitted a lien application along with the required fee to the Department of Transportation (DOT) pursuant to Section 1133(c) of the Vehicle Code, 75 Pa.C.S. § 1133(c) to establish a first lien on the vehicle. DOT failed to endorse the title with the lien and mailed the title to the car buyer. The car buyer sold the car, stopped making payments, and moved out of state. The bank filed suit with the Board of Claims alleging that it was a third-party beneficiary of a contract between car dealership and DOT. An award of damages by the Board of Claims was reversed by this court which held that no contract existed between car dealership and DOT. This court stated that contracts require a bargained-for exchange and there can be no such exchange where one of the parties is already legally bound to render the performance promised.

As in *First Pennsylvania Bank,* there was no bargained-for exchange in the case before us because Prothonotary was obligated by statute to perform a search of the docket and issue a lien certificate to anyone who paid the requisite fee. *Petticord.* Therefore, there was no contract between Appellant and Prothonotary.

Having concluded that Appellant's claim does not sound in contract, we must determine whether the claim sounds in tort. A review of the complaint[6] reveals the following:

10. Due to the negligence of the [Prothonotary] and/or his duly constituted and authorized agents and servants in researching the records, and issuing the certification, the [Appellant] will be forced to expend the amount of $13,415.17 in order to save his property.

It is clear that Appellant alleged the Prothonotary's negligent performance of a statutory duty caused injury to Appellant's property. Therefore, Appellant's claim is barred by 42 Pa.C.S. § 5524.[7]

Accordingly, we affirm.

### ORDER

AND NOW, August 13, 1990, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

---

6. We note that at the time of the filing of Appellant's complaint, the Rules of Civil Procedure maintained a distinction between actions in trespass and assumpsit. However, effective July 1, 1984, Pa.R.C.P. 1001(b) consolidated assumpsit and trespass actions in one form of action to be entitled civil action. The legislature has not enacted any legislation responsive to the supreme court's change in the rules of civil procedure so that the distinction between trespass and assumpsit actions for the purpose of statutes of limitation remains. Appellant's complaint was entitled "civil division".

7. 42 Pa.C.S. § 5524 provides in pertinent part as follows:
The following actions and proceedings must be commenced within two years:

. . . . .

(7) Any other action or proceeding to recover damages for injury to persons or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.