**HARLEYSVILLE HOMESTEAD, INC., Appellant**

v.

**LOWER SALFORD TOWNSHIP AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued June 8, 2009.

Decided Aug. 28, 2009.

in filing a "founded report" determination with ChildLine on July 25, 2007.

Neil Andrew Stein, Blue Bell, for appellant.

Eric B. Smith, Norristown, for appellee.

BEFORE: LEADBETTER, President Judge, McGINLEY, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Harleysville Homestead, Inc. (Harleysville) appeals the order of the Court of Common Pleas of Montgomery County (trial court) that granted the motion for judgment on the pleadings of Lower Salford Township Authority (Authority) and entered judgment in favor of the Authority and against Harleysville on all claims and counterclaims. We affirm.

The sole issue presented for review is whether the trial court erred when it granted the motion for judgment on the pleadings on the basis that Harleysville's amended complaint was barred by the two year statute of limitations set forth in Section 5524 of the Judicial Code, 42 Pa.C.S. § 5524. In pertinent part, Section 5524 provides:

The following actions and proceedings must be commenced within two years:

. . . .

(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

. . . .

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

The facts in this matter are as follows. The Authority is a municipal authority governed by the Municipality Authorities Act (Act).[1] In 1996, Harleysville was a developer of a single family residential community of one hundred four homes in a community known as Harleysville Homestead in Lower Salford Township, Montgomery County. Harleysville applied to the Authority to secure public sanitary sewer service.

In order to provide the sanitary sewer service for Harleysville Homestead, the Authority and Harleysville entered into an Agreement for the Construction of Sewer Lines ("Agreement") on or about October 15, 1996. Under the Agreement, Harleysville agreed to pay tapping fees in the amount of $6,545.00 per dwelling unit to be constructed, plus a one-time connection fee of $500.00, for a total sum of $681,180.00. Since the development of Harleysville Homestead was to be completed in three phases, Harleysville paid the tapping fees in three installments: $248,710.00 on or about October 30, 1996, for thirty-eight dwelling units; $274,890.00 on or about April 21, 1997, for forty-two dwelling units; and $157,080.00 on or about October 7,

---

1. Section 3 of the Act of June 19, 2001, P.L. 287, repealed the Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, *as amended, formerly* 53 P.S. §§ 301–322 (1945 Act), and replaced the 1945 Act with the current Municipality Authorities Act, 53 Pa.C.S. §§ 5601–5623. However, Section 2 of the Act of June 19, 2001, P.L. 287, provides that "[t]he provisions of this act shall not affect any act done, liability incurred or right ac- crued or vested, or affect any suit pending or to be instituted, to enforce any right or penalty under the authority of such repealed laws." Thus, the provisions of the repealed 1945 Act, specifically Section 4, 53 P.S. § 306B, are applicable to Harleysville action. The provisions of the repealed Section 4 of the 1945 Act are now found at Section 5607 of the current Municipality Authorities Act, 53 Pa. C.S. § 5607.

1997, for twenty-four dwelling units.[2] Harleysville also paid the one time connection fee of $500.00 on October 30, 1996.

On September 25, 2000, Harleysville initiated a lawsuit against the Authority by writ of summons. Thereafter, Harleysville filed a one count complaint on July 31, 2002. The Authority preliminarily objected and Harleysville filed an amended complaint on November 17, 2006. In the amended complaint, Harleysville alleges that the Authority's charges calculated under the Agreement for the tapping fees were in error and that the Authority had violated the requirements of Section 4 of the 1945 Act by overcharging for Harleysville's purchase of sanitary sewer capacity from the Authority. Harleysville sought damages representing the excess tapping fees allegedly charged in violation of the Act in an amount not less than $680,680.00 plus interest and costs.[3]

On December 26, 2006, the Authority filed an answer with new matter. As new matter, the Authority raised a number of affirmative defenses including, *inter alia*, that the claims were barred by the two year statute of limitations pursuant to Section 5524 of the Judicial Code, the failure to give timely notice pursuant to Section 5522 of the Judicial Code,[4] the voluntary payment rule, and governmental immunity.

On August 28, 2007, the Authority moved for judgment on the pleadings on the basis that Harleysville's claims were barred by the two year statute of limitations contained in Section 5524, barred by the failure to provide notice as set forth in Section 5522 of the Judicial Code, barred under governmental immunity set forth in Section 8541 of the Judicial Code, 42 Pa. C.S. § 8541, and barred by the voluntary payment rule because Harleysville voluntarily paid the amount called for in the Agreement.

On January 22, 2008, Harleysville filed its reply to the Authority's new matter. The trial court heard argument on the Authority's motion for judgment on the pleadings on March 11, 2008. On March 28, 2008, the trial court granted the Authority's motion and entered judgment in its favor and against Harleysville. The trial court determined that the cause of action fit squarely within the two year statute of limitations set forth in Section 5524 of the Judicial Code based, in part, on this Court's decision in *Petticord v. Joyce,* 134 Pa.Cmwlth. 405, 578 A.2d 632 (1990), which involved the breach of a statutory duty as Harleysville has alleged in the instant action.[5] The appeal by Harleysville followed.

---

**2.** These three amounts total $680,680.00.

**3.** This amount does not include the $500.00 connection fee paid to the Authority on or about October 30, 1996.

**4.** 42 Pa.C.S. § 5522. Section 5522 provides that notice be given to a government unit by any person who is about to commence any civil action or proceeding against the government unit for damages within six months from the date that any injury was sustained or any cause of action accrued. Failure to give such notice within six months after the date of injury to person or property shall result in the dismissal of the action and said action shall be forever barred from proceeding further.

**5.** The trial court also relied upon two similar cases in which it determined, based on *Petticord,* that the two year statute of limitations applied wherein the plaintiffs' contended that the Montgomery County Sewer Authority violated a statutory duty to set reasonable prices for the purchase of sewer capacity. Both of these cases were affirmed by this Court in unpublished opinions. *See K. Hovanian at Perkiomen I, Inc. v. Montgomery County Sewer Authority,* (No. 95–21147, filed January 25, 1999) *aff'd,* (Pa.Cmwlth., No. 3433 C.D. 1998, filed July 14, 1999); and *LHC Realty Corporation v. Montgomery County Sewer Authority,* (No. 96–03457, filed June 29, 1998) *aff'd,* (Pa.Cmwlth., No. 1514 C.D. 1998, filed May 7, 1999).

■ A motion for judgment on the pleadings in is the nature of a demurrer; all of the opposing party's allegations are viewed as true and only those facts which have been specifically admitted by him may be considered against him. *Department of Public Welfare v. Joyce*, 131 Pa. Cmwlth. 621, 571 A.2d 536 (1990). In reviewing a motion for judgment on the pleadings, the trial court may only consider the pleadings themselves and any documents properly attached thereto. *Id.*

■ The scope of review on a grant or denial of a motion for judgment on the pleadings is plenary. *Phillips v. A–Best Products Co.*, 542 Pa. 124, 665 A.2d 1167 (1995); *Newberry Township v. Stambaugh*, 848 A.2d 173 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 580 Pa. 708, 860 A.2d 491 (2004). The appellate court must decide whether the trial court committed an error of law or whether the pleadings disclosed facts that should have gone to the jury. *Newberry.*

■ In support of its appeal, Harleysville contends that the grant of the motion for judgment on the pleadings was in error because there were facts in dispute as to whether the Authority erroneously calculated its tapping fees. Harleysville contends further that its claims were not time-barred because the claim was based on a contract claim under the "gist of the action" doctrine. Because all of the rights and obligations of the parties arose from the Agreement, Harleysville argues that its claim arises under a contract action which has a four year statute of limitations. *See* Section 5525(8) of the Judicial

Code, 42 Pa.C.S. § 5525(8).[6] Harleysville points out that it filed the writ well within four years of the execution of the Agreement and certainly within four years of the actual payment of each installment of the tapping fees. Harleysville also contends that in the absence of a contract, a six year statute of limitations applies. *See* Section 5527 of the Judicial Code, 42 Pa.C.S. § 5527.[7]

Harleysville argues further that this matter is not controlled by this Court's decision in *Petticord* as that case is factually different. Harleysville contends that the only similarity between this matter and *Petticord* is that the defendants are both government entities charged with statutory duties.

Contrary to Harleysville's assertions, this Court's decision in *Petticord* does control. Therefore, Harleysville allegation that the Authority overcharged it for tapping fees in violation of Section 4 of the Act sounds in tort.

In *Petticord,* a purchaser of property requested the prothonotary to conduct a search of the docket for any judgment liens indexed against the property. The prothonotary issued a certificate stating that there were no liens. Petticord thereafter paid $13,415.00 to satisfy a lien which was undetected and thereafter filed suit against the prothonotary for damages he sustained in satisfying the lien. Petticord claimed that he had a contract with the prothonotary as he paid $20.00 for the prothonotary to search the records. This Court determined however that there was no bargained for exchange and thus no

6. Section 5525(8) provides that an action upon a contract, obligation or liability founded upon writing must be commenced within four years.

7. Section 5527 provides that "[a]ny civil action or proceeding which is neither subject to

another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years."

contract as the prothonotary was obligated by statute to perform a search of the docket and issue a lien certificate to anyone who paid the fee.

Because Petticord alleged that the prothonotary's negligent performance of a statutory duty caused injury to Petticord, this Court determined that Petticord's claim was governed by the two year statute of limitations. Similarly, in this case, Harleysville alleges in its amended complaint that the Authority violated Section 4 of the 1945 Act by charging Harleysville tapping fees in excess of that permitted by the Act. Harleysville alleges further that the Authority's violation of the Act and failure to properly calculate the tapping fees in accordance therewith caused injury to Harleysville.

Accordingly, the Harleysville claim, like that of Petticord's, is also governed by the two year statute of limitations. As such, we discern no error by the trial court in granting the Authority's motion for judgment on the pleadings based on this Court's decision in *Petticord.*

As stated previously herein, Harleysville argues that its claim falls within the provisions of Sections 5525 of the Judicial Code based on the "gist of the action" doctrine; therefore, a four year statute of limitations is applicable. We disagree.

This Court recently explained the "gist of the action" doctrine.

[I]n *Yocca [v. Pittsburgh Steelers Sports, Inc.],* 806 A.2d 936 (Pa.Cmwlth. 2002), *rev'd on other grounds,* 578 Pa. 479, 854 A.2d 425 (2004), . . . we recognized this Court employs a "misfeasance/nonfeasance" test for determining whether an action sounds in tort or in contract. "If there is 'misfeasance,'

there is an improper performance of the contract in the course of which breaches a duty imposed by law as a matter of social policy. In such instances, the 'gist' of the plaintiff's action sounds in tort and the contract itself is collateral to the cause of action." *Id.* at 944. "On the other hand, if there is 'nonfeasance,' the wrong attributed to the defendant is solely a breach of the defendant's duty to perform under the terms of the contract. In such instances, the 'gist' of the plaintiff's action sounds in contract, and the plaintiff would not have a cause of action but for the contract." *Id.*

*Meyer v. Community College of Beaver County,* 965 A.2d 406 (Pa.Cmwlth.2009).

A review of Harleysville's amended complaint reveals that it does not allege that the wrong attributed to the Authority is solely a breach of the Authority's duty to perform under the terms of the contract. In other words, Harleysville does not allege that the Authority failed to provide the purchased for sewer capacity or that the Authority failed to perform as set forth in the Agreement. *See* Reproduced Record (R.R.) at 001a–006a. As pointed out by the trial court, the Agreement has already been performed according to its terms. The amended complaint only alleges that Harleysville overpaid for sewer service because the calculation of the tapping fees was in error and said error was a violation of the 1945 Act.[8] *Id.*

Accordingly, Harleysville claim sounds in tort and the Agreement itself is collateral to Harleysville's cause of action. Therefore, the four year statute of limitations is inapplicable.

Harleysville also argues that its claim falls within the provision of Section 5527 of the Judicial Code, which provides a six

---

8. We note that the specific amounts due under the Agreement for the tapping fees were set forth in the Agreement at the time the

Agreement was entered into and executed by Harleysville and the Authority. R.R. at 015a.

year statute of limitations for all actions which are not subject to another limitation. However, as we have already determined that Harleysville action is governed by the two year statute of limitations set forth in Section 5524, Section 5527 is inapplicable.

The trial court's order is affirmed.

### *O R D E R*

AND NOW, this 28th day of August, 2009, the March 28, 2008, order of the Court of Common Pleas of Montgomery County entered in the above-captioned matter is affirmed.