IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicholas O. Brown, : 
               Appellant : 
                : 
           v. : No. 359 C.D. 2016
            : Submitted: September 30, 2016
City of Philadelphia and Sheriff of : 
Philadelphia County : 

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI             FILED: October 26, 2016

        Nicholas O. Brown (Brown) appeals from the final order of the Court of Common Pleas of Philadelphia County (trial court) dismissing his breach of contract action to rescind the sale of property that he acquired through sheriff sale because the sheriff's deed was not recorded until nine months after the prescribed time limitation set forth in Section 31.2 of the Municipal Claims and Tax Liens Act (Tax Liens Law).[1, 2] For the following reasons, we affirm.

---

[1] Act of May 16, 1923, P.L. 207, *added by* the Act of March 15, 1956, P.L. (1955) 1274, *as amended,* 53 P.S. § 7283. Section 31.2 of the Tax Liens Law, 53 P.S. § 7283(b), provides:

      (b) The deed to the purchaser shall be executed, acknowledged and delivered as in other real estate sales by the sheriff. Deeds for

**(Footnote continued on next page…)**

Brown was the successful bidder at a sheriff sale for the purchase of real property located at 1001 and 1003-1007 North Bodine Street Philadelphia, Pennsylvania (Property). The sheriff sale was the result of foreclosure actions (Foreclosure Action) initiated by U.S. Bank National Association (U.S. Bank),[3] a non-party to this action, who filed a tax sale petition on February 3, 2010, to sell the Property in execution of tax liens that it held as trustee. (Reproduced Record (R.R.) at 163a-167a.) Neither the City of Philadelphia nor the Sheriff of Philadelphia County (collectively, "Sheriff") was a party to the Foreclosure Action.

---

**(continued…)**

> property exposed for any sale under this section **shall not be executed, acknowledged and delivered any sooner than thirty days nor later than one hundred and twenty days after the purchaser pays the balance due to the sheriff for any sale** held under this section. Any person interested may at any time prior to the proposed sale pay all the costs of the proceedings, including the cost for the title search or title insurance policy, and all tax and municipal claims, penalties and interest thereon, charged against the property whereupon the proceedings on petition shall at once determine.

(Emphasis added.)

[2] A motion to set aside a sheriff sale is governed by the Pennsylvania Rules of Civil Procedure, which provide that "[u]pon petition of any party in interest before delivery of the . . . sheriff's deed to real property, the court, may upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances." Pa. R.C.P. No. 3132.

[3] In 1997, the City and the School District of Philadelphia securitized over 100 million dollars of real estate tax liens to the Philadelphia Authority for Industrial Development (PAID), which PAID used to collateralize bonds that were sold. U.S. Bank is the trustee for those bond holders.

A tax sale decree was then entered by the Philadelphia County Court of Common Pleas on May 11, 2010, authorizing the judicial sale of the Property and specifying that the Property shall be sold by the Sheriff at a tax sale free and clear of encumbrances and "[t]he proceeds realized from said sale shall be distributed in accordance with the priority of such claims. . . ." (R.R. at 169a-171a.) Pursuant to judicial order, the Sheriff publicly advertised the sale of the Property. At the May 18, 2011 sheriff sale, Brown's bid of $360,000.00 was the highest. He paid $60,000.00 on the same day as the sheriff sale and, approximately one month later, paid the remaining $300,000.00 balance due, along with a processing fee of $145.00 made out to the Sheriff's Department. He also submitted a form to the Sheriff's Department requesting the Property deed.

In May 2012, because the Sheriff had failed to file with the Philadelphia County Recorder of Deeds[4] a deed to the Property as required, Brown filed an action

---

[4] For properties sold at sheriff sale, the Sheriff is charged with acknowledgement and delivery of a deed to the Recorder of Deeds, who then physically records the deeds. 53 P.S. § 7283(b) (Section 31.2 of the Tax Liens Law states "[t]he deed to the purchaser shall be executed, acknowledged and delivered as in other real estate sales by the sheriff"). Acknowledgement of a deed occurs when the grantor(s) or bargainer(s) named in the deed take an oath that he or she is conveying the property. Section 2 of the Act of May 28, 1715, 1 Sm.L. 94, *as amended,* 21 P.S. § 42. Regarding proof of acknowledgement in sheriff sales, the statute provides:

> The certificate of the prothonotary of any court of this commonwealth to an acknowledgement of a sheriff's deed, heretofore made, although not under seal of office, shall be sufficient evidence of such acknowledgement, notwithstanding no other record was made thereof at the time of such acknowledgement: Provided, That the provisions of this section shall not be construed to affect any bona fide holder or

**(Footnote continued on next page…)**

3

averring that the Sheriff was "in breach of contract . . . elect[ing] his remedy of rescission and restitution" of the full amount of the purchase price of the Property with interest and costs of suit. (R.R. at 2a-3a.) On July 13, 2012, the Sheriff filed an Answer and New Matter admitting that the deed to the Property had not yet been delivered but denying that a contractual relationship exists between Brown and the Sheriff. The Sheriff also contended that, in any event, a breach of contract action is improper because the sheriff sale is exclusively governed by the Tax Liens Law and, to the extent Brown was seeking to undo the purchase of the Property, he must instead file a petition to set aside the Foreclosure Action.[5] On or around July 17, 2012, the Sheriff acknowledged the deed and it was recorded. Brown nonetheless filed a motion for summary judgment again seeking "the remedy of rescission . . . and restitution," which the trial court denied. (R.R. at 149a.) The case proceeded to bench trial on October 15, 2014.[6]

---

**(continued…)**

> purchaser, who had neither actual or constructive notice of the execution of such sheriff's deed.

Section 1 of the Act of April 4, 1844, P.L. 188, *as amended,* 21 P.S. § 47.

[5] The Sheriff also filed preliminary objections that were later withdrawn. (R.R. at 178a-192a.)

[6] The almost two-year delay in proceedings resulted from this matter being discontinued on June 7, 2013, after the trial court was advised that the matter had been settled. However, Brown later moved to restore the case to the trial list after an apparent breakdown in the settlement, which was granted by the trial court on June 25, 2014.

Before the trial court, Brown testified that after successfully bidding for the Property at the sheriff sale, "in the ensuing weeks after . . . June of 2011" he went to the Sheriff's Department "a couple of times" and "called also by phone" asking, at first, for the Property deed and then the return of his purchase money. (R.R. at 36a-37a.) He explained that although he retained counsel soon thereafter, because he did not receive his reimbursement for almost a year, he retained new counsel in June 2012 and then filed the underlying action against the Sheriff.

When asked about the damages resulting from the Sherriff's dilatory behavior, Brown explained that because he did not receive the deed, he had to finance his purchase of the Property through a commercial loan with an interest rate of "[a]bout three and-a-half percent," which he had been paying interest on for three-and-a-half years. (R.R. at 37a.) Brown testified that the interest he pays on the loan varies from month to month and that it is "usually between $750 and $800 a month for three and-a-half years." (R.R. at 39a.) He did not know what the mortgage rate was at the time he received the commercial loan or whether the mortgage's interest rate was lower than the rate that he obtained. Brown also stated that acquiring the commercial loan deprived him of an investment opportunity "to buy another project all together on . . . North Franklin Street . . . in the 1100 block" because he "couldn't get the financing for it because [his credit] was overextended." (R.R. at 38a.).[7]

---

[7] After Brown rested his case, the Sheriff presented Daniel Bucher, who worked in the Real Estate Department of the Sheriff's Office for approximately three years and testified as it relates to purchases of real property made at a sheriff sale, how payments are made and how deeds are acknowledged and recorded.

Acknowledging that Brown filed a breach of contract action, the trial court treated it as a petition to set aside a sheriff sale. The trial court found that the Sheriff's 12-month delay in deeding the Property to Brown was not sufficient to set aside the sheriff sale because Brown failed to demonstrate more than a "vague alleged harm" resulting from the delayed conveyance of the Property deed. (R.R. at 8a.) The trial court did, however, determine that pursuant to Section 31.2 of the Tax Liens Law, 53 P.S. § 7283(b), the Sheriff was required to acknowledge the Property deed after 120 days. Because the Sheriff failed to acknowledge the Property deed until nine months after the prescribed 120-day period, the trial court awarded Brown delay damages in the amount of $7,200.00, which is equivalent to nine monthly $800.00 commercial loan interest payments.[8] Brown filed post-trial motions[9] which, after Brown failed to appear for argument, the trial court denied. The trial court entered a final judgment against the Sheriff in the amount of $7,200.00. Brown then filed this appeal.[10]

---

[8] In addition to seeking the rescission of his purchase of the Property, Brown also averred that the Property deed he received was invalid as a matter of law because the elected Sheriff himself did not personally sign the conveyance. The trial court found this argument to be without merit and Brown does not reassert this argument on appeal.

[9] Brown filed two substantially identical post-trial motions with the trial court, only one of which provides a supportive memorandum. Brown also filed a premature notice of appeal of the trial court order with the Superior Court on December 3, 2014.

[10] Despite the trial court noting that this appeal "should be in the Commonwealth Court," (R.R. at 6a), Brown filed this appeal with the Superior Court of Pennsylvania. Because the question presented directly involves the interpretation, application and enforcement of the Tax Liens Act, exclusive jurisdiction of this appeal is vested in the Commonwealth Court of Pennsylvania. *See Brown v. City of Philadelphia* (Pa. Super., No. 3515 EDA, filed January 19, 2016) (citing 42 Pa.C.S. § 762(a)(4)(i)(A)).

On appeal,[11] Brown does not contend that the trial court abused its discretion in finding that the evidence presented was insufficient to set aside the sale.[12] Instead, apparently contending that the trial court erred in treating his action as a petition to set aside instead of a breach of contract action, he contends that he can seek to rescind the purported contract that he entered into with the Sheriff for the purchase of the Property. He contends that the Sheriff's failure to timely record the deed was a clear breach of the duty that the Sheriff owed to him with resulting damages. However, even if Brown incurred damages as a result of the Sheriff's failure to carry out his prescribed duties, a contract does not exist between a purchaser at a sheriff sale and the Sheriff because the Sheriff is carrying out a ministerial function that he is already legally bound to perform pursuant to judicial order and Section 31.2 of the Tax Liens Law, 53 P.S. § 7283. *See, e.g.*, *Petticord v. Joyce*, 578 A.2d 632, 634 (Pa. Cmwlth. 1990) ("[T]here was no bargained-for exchange in the case before us because Prothonotary was obligated by statute to perform a search of the docket and issue a lien certificate to anyone who paid the

[11] Our scope of review of an order denying a petition to set aside a tax sale of real property is limited to determining whether the trial court abused its discretion, rendered a decision unsupported by the evidence or erred as a matter of law. *McElvenny v. Bucks County Tax Claim Bureau,* 804 A.2d 719 (Pa. Cmwlth. 2002), *appeal denied,* 819 A.2d 549 (Pa. 2003).

[12] In any event, a petition to set aside a sheriff sale is an "equitable proceeding, governed by equitable principles[,] [a]ppellate review . . . is limited to a determination of whether the trial court committed an error of law or abused its discretion." *Allegheny County v. Golf Resort, Inc.*, 974 A.2d 1242, 1245 (Pa. Cmwlth. 2009) (citing *Sack v. Feinman*, 413 A.2d 1059 (Pa. 1980)). The trial court did not err when finding that Brown's testimony that he had to obtain a commercial loan because he could not obtain a mortgage for the Property without a deed and his testimony of a resulting inability to buy another property because his credit was overextended, without more, was insufficient to set aside the sale.

requisite fee."); *see also Department of Transportation v. First Pennsylvania Bank*, 466 A.2d 753, 754 (Pa. Cmwlth. 1983) ("There can obviously be no such bargained for exchange if one of the parties is already legally bound to render the performance promised") (citing *Chatham Communications, Inc. v. General Press Corp.*, 344 A.2d 837 (Pa. 1975); *Cohen v. Sabin*, 307 A.2d 845 (Pa. 1973)).[13]

Accordingly, because Brown cannot maintain a contract action against the Sheriff, the trial court's order is affirmed.

_____
DAN PELLEGRINI, Senior Judge

---

[13] Even though it was styled as a breach of contract action, the trial court treated Brown's Complaint as a petition to set aside a sheriff sale. When there is a challenge to a sheriff sale brought by a private lienholder, "[t]aken together, Rule 3132 and 3135(a) make clear a party must raise a challenge to a sheriff's sale within a [20 day] period of time after the sale, but before the deed is delivered." *Mortgage Electronic Registration Systems, Inc. v. Ralich*, 982 A.2d 77, 80 (Pa. Super. 2009) (citing Pa. R.C.P. Nos. 3132 and 3135(a)). However, when a sale is for tax liens, the procedure for the sale is governed by the Tax Liens Law, which is "a complete and exclusive system in itself, so far as relates to tax and municipal claims." Section 41 of the Tax Liens Law, 53 P.S. § 7112. As it pertains to the amount of time a party has to file a petition to set aside a sheriff sale, Section 39.3 of the Tax Liens Law, 53 P.S. § 7193.3, added by the Act of December 14, 1992, P.L. 859, No. 135, provides that it must be taken "within three months of the acknowledgement of the deed" to the premises by the sheriff. Because of the way we have resolved this matter, we need not address this issue.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicholas O. Brown,                    :
                 Appellant   :
                                    :
          v.                  : No. 359 C.D. 2016
                                    :
City of Philadelphia and Sheriff of   :
Philadelphia County                   :

# **O R D E R**

AND NOW, this 26th day of  October, 2016, it is hereby ordered that the final order of the Court of Common Pleas of Philadelphia County dated November 3, 2014, at No. 2028, is affirmed.

_____
DAN PELLEGRINI, Senior Judge