IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David L. Urban, James E. Carbo,   :
Pat Coll, Wolfgang Ebel, Rick   :
Solomon, Jae-Sool Kim, Pritchard S.   :
Garrett, Jack C. Chun, Tyrone   :
Jenkins, Gerald Ianuzzi, Douglas   :
Bellenger and Robert C. Lorence,   :
               Appellants   :
  :
          v.   :  No. 83 C.D. 2016
  :  ARGUED: October 18, 2016
Plymouth Township   :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE JULIA K. HEARTHWAY, Judge
            HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge (P)[1]


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY                 FILED: January 5, 2017


      David L. Urban and eleven other property owners (Property Owners),[2] appeal from a grant of summary judgment by the Montgomery County Court of Common Pleas. At issue here is the construction of a sewer line by Plymouth Township (Township) along Narcissa Road. The grant of summary judgment was based on the trial court's determination that Property Owners' claims were barred

---

[1] This decision was reached before the conclusion of Senior Judge Friedman's service with this court.

[2] Property Owners are David L. Urban, James E. Carbo, Pat Coll, Wolfgang Ebel, Rick Solomon, Jae-Sool Kim, Pritchard S. Garrett, Jack C. Chun, Tyrone Jenkins, Gerald Ianuzzi, Douglas Bellenger and Robert C. Lorence.

by the statute of limitations and that Property Owners had failed to state a cause of action.  We affirm.

Property Owners reside primarily along Narcissa Road.  In February 2009, Township applied to the Pennsylvania Department of Community and Economic Development for an H20 PA Grant (Grant) to help offset costs of four construction projects.  The first project was the construction of a sewer line along Narcissa Road (Narcissa Project).  Township passed Ordinance No. 1511 authorizing construction of the Narcissa Project and assessing each Property Owner $21,726 for construction.  In the ordinance, Township reserved the right to adjust the assessed amount in the event that it received a Grant.  In April 2009, Property Owners signed assessment agreements and paid assessments for the Narcissa Project.

In July 2009, the Commonwealth Financing Agency (CFA) approved a Grant for Township in an amount not to exceed $1 million. In an approval letter sent to Township, CFA required that a final audit be performed of the funds used, and that the Grant was not permitted to cover more than 66% of the total project's cost. In January 2010, Township contacted CFA and asked if it could use Grant funds to reimburse some of the assessment charged to Property Owners. In February 2010, CFA responded that Township was not permitted to use Grant funds in that manner.

In September 2010, one Property Owner requested reimbursement from Township, and Township responded via email that CFA would not permit

Grant funds to be used for reimbursement. On June 27, 2011, Township sent a letter to each Property Owner, stating that CFA would not permit it to use Grant funds for reimbursement, and that no reimbursement would be issued to Property Owners.

On November 14, 2012, the final audit was completed as required by the Grant agreement. The audit indicated that the total expenditures for the Narcissa Project were $430,874. (Appellee Supp. R.R. at 7.) The audit also indicated that of that amount, $57,196 was paid with Grant funds. *Id.* Property Owners paid a total of $347,616 in assessments towards the Narcissa Project. (Appellants' Br. at 19; Appellee Supp. R.R. at 26.)

On September 18, 2013, Property Owners filed suit against Township in the Montgomery County Court of Common Pleas, and filed amended complaints on November 7, 2013 and on May 13, 2015. Property Owners alleged that Township was required under the Municipal Authorities Act, 53 Pa. C.S. §§5601-5623 and Ordinance No. 1511 to return $287,264 in assessments to Property Owners, two-thirds of Narcissa Project's cost. On July 15, 2015, Township filed a motion for summary judgment, and Property Owners filed a response on August 17, 2015. After oral argument on October 29, 2015, the trial court granted Township's motion on December 10, 2015. Property Owners now appeal to this Court.[3]

---

[3] This Court has jurisdiction over final orders of courts of common pleas under 42 Pa.C.S. § 762(a)(4). Our review of a trial court's grant of summary judgment is *de novo*. Summary judgment may be entered only when the record demonstrates no genuine issue of material fact and when the moving party is entitled to judgment as a matter of law. Pa. R.C.P. **(Footnote continued on next page…)**

The threshold issue in this case is whether Property Owners' suit against Township was filed within the statute of limitations. The trial court found that Property Owners' claim fell outside the statute of limitations and granted Township's motion for summary judgment. The parties agree that the applicable statute of limitations is two years. *Harleysville Homestead, Inc. v. Lower Salford Township Authority*, 980 A.2d 749, 750 (Pa. Cmwlth. 2009). Property Owners filed their complaint on September 18, 2013. As a result, the cause of action could not have accrued before September 18, 2011. The trial court determined that Property Owners filed their complaint after the statute of limitations had expired because it found that Property Owners were made aware of their claim, at the latest, on June 27, 2011. (Appellant R.R. at 10-11.)

Property Owners argue that the statute of limitations was tolled under the discovery rule because they were not fully aware of the merits of their claim until November 14, 2012 when the audit was released listing the exact amount of Grant funds applied to the Narcissa Project. (Appellant Br. at 18). The statute of limitations is tolled under the discovery rule when a plaintiff, despite the exercise of reasonable diligence, is not able to know that he is injured and by what cause. *See Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983). "[T]here are [very] few facts which diligence cannot discover" if there is "some reason to awaken inquiry and direct diligence to the channel in which it

---

**(continued…)**

No. 1035(b). We review the record in the light most favorable to the non-moving party and all genuine disputes of material fact are resolved in favor of the non-moving party. *Murphy v. Duquesne University of the Holy Ghost*, 777 A.2d 418, 429 (Pa. 2001).

4

would be successful." *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005) (quoting *Crouse v. Cyclops Industries*, 745 A.2d 606, 611 (Pa. 2000)).

Property Owners point repeatedly to the audit completed on November 14, 2012 pursuant to the Grant agreement as the first date that Property Owners were made aware of their claim against Township. But Property Owners' focus on the audit ignores the fact that they were alerted by letter dated June 27, 2011 from Township that Property Owners' assessment costs would not be reimbursed, stating that "unfortunately the Township will not be able to reduce your assessment." (Appellee Supp. R.R. at 84.)

The trial court found that the discovery rule did not apply. It found Property Owners' argument that they were not fully aware of their injuries until the completion of the audit "unpersuasive," finding that "the audit merely explains where the [Grant] money was applied. . . [t]he fact remains that Plaintiffs knew they were not getting reimbursed with any of the H20 Grant money at the very latest on June 27, 2011." (Appellant R.R. at 10-11.) As a result, the trial court found that Property Owners' claim was filed past the two year statute of limitations. (Appellant R.R. at 11.)

We agree with the trial court's assessment. Property Owners were alerted on June 27, 2011 at the latest that they would not be reimbursed. Property Owners' assertions that they needed to know the exact dollar figure that they were owed by Township – a figure that could only be obtained at the completion of the audit – is dispositive neither to Property Owners' knowledge that they would not

5

be receiving reimbursement from Township, nor to their already-existing belief that Township was unlawfully retaining their assessments. In short, their purported injury was evident more than two years before Property Owners commenced legal action.

A cause of action begins to accrue "as soon as the right to institute and maintain a suit arises." *Pocono Int'l Raceway*, 468 A.2d at 471. Property Owners knew that they were injured by June 27, 2011, and they knew that the Township's failure to reimburse them was the cause of their injury. The date that Property Owners filed their complaint is more than two years after Property Owners were made aware of their injury. They did not need the results of the audit to know that they were injured, and accordingly their complaint was filed outside the statute of limitations.

For the above reasons, we affirm the grant of summary judgment.[4]

_____
JULIA K. HEARTHWAY, Judge

---

[4] Because Property Owners' claim is barred under the statute of limitations, we do not address the merits of Property Owners' argument as to the applicability of the Municipal Authorities Act.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David L. Urban, James E. Carbo,   :
Pat Coll, Wolfgang Ebel, Rick   :
Solomon, Jae-Sool Kim, Pritchard S.   :
Garrett, Jack C. Chun, Tyrone   :
Jenkins, Gerald Ianuzzi, Douglas   :
Bellenger and Robert C. Lorence,   :
          Appellants   :
  :
       v.   :   No. 83 C.D. 2016
  :
Plymouth Township   :

## O R D E R

AND NOW, this 5th day of January, 2017, the order of the Montgomery County Court of Common Pleas is affirmed.

_____
JULIA K. HEARTHWAY, Judge