## Baker v. DiDonato

*Steven H. Brush,* for plaintiffs.
*Vincent J. Giusini,* for defendants.

OVERTON, *J.,* October 1, 2013—This matter is before the appellate court in response to the order reproduced

below, issued on June 24, 2013.

Upon consideration of defendants' motion for post trial relief and plaintiffs' response thereto, if any, it is hereby ordered, ajudged and decreed that defendants' motion is denied.

Both defendants filed an appeal.

## FACTS[1]

In 1998, Anita Baker and William DiDonato, Jr. purchased the property at 3190 Leyte Place, Philadelphia, Pennsylvania ("Leyte Place property") for the sum of $162,500.00. Mr. DiDonato, Jr. put $50,000.00 down as a down payment, and the parties mortgaged $116,800.00 on the property. At some point, there was a refinance, and Mr. DiDonato, Jr. took $50,000.00 out of the property to purchase another building. In or about January 2003, Ms. Baker moved out of the property. In or about February 2005, a second refinance on the property with Wachovia Bank ("Wachovia loan") took place. Part of the money from that refinance was used to consolidate various debts of the parties; including $13,500.00 that was used to pay off an auto loan of Ms. Baker. As a result of the second refinance, the mortgage on the Leyte Place property went from $159,000.00 or thereabout to the sum of $318,000.00. Ms. Baker also testified that she paid $16,000.00 in mortgage payments over a five-year period.

Ms. Baker entered into a new relationship, married and decided to purchase another home with her spouse but was unable to because of the outstanding Wachovia loan. On January 17, 2007, the parties of this lawsuit entered into

---

1. This statement of facts is a restatement of this court's factual findings. *See* N.T. 06/13/13 at p. 85-88.

a signed agreement with the understanding that the Leyte Place property would be refinanced and the Wachovia loan would be paid off. Additionally, at the time of refinance, Patrick and Anita Baker would receive $50,000.00 for signing over their interest in the Leyte Place property to William DiDonato, Sr. and William DiDonato, Jr..

On January 17, 2007, Mr. DiDonato, Jr. and Ms. Baker executed a deed transferring the Leyte Place property to William DiDonato, Sr. and William DiDonato, Jr. for the consideration of one (1) dollar. On or about September 5, 2007, the DiDonatos refinanced the Leyte Place property with E*Trade Financial. E*Trade Financial agreed to lend them $288,000.00; an additional $24,000.00 was required to pay off the $312,000.00 Wachovia loan. Mr. DiDonato, Sr., contributed $47,571.45, although it was actually $42,039.67 based on cash received after closing costs. On September 19, 2007, Ms. Baker received a letter from Wachovia informing her that the Leyte Place property had been refinanced. She testified that she had a conversation with the Mr. DiDonato, Jr. in 2010, in which he acknowledged that he owed her money and would pay her.

## PROCEDURAL HISTORY

On September 19, 2011, Patrick & Anita Baker (hereinafter "plaintiffs") filed a complaint for breach of contract against William J. DiDonato, Sr. & William J. DiDonato, Jr. (hereinafter "appellants"). The plaintiffs alleged that the appellants failed to pay the plaintiffs $50,000.00 per a contract entered into by the plaintiffs and the appellants on January 17, 2007.

On June 13, 2013, this court found in favor of the plaintiffs. On June 24, 2013, this court denied the

512

appellants' post-trial motion. On July 3, 2013 the appellants filed a timely appeal. Statements of matters complained of on appeal were requested and properly tendered on July 30, 2013. The appellants raised the following issues in its statement of matters complained of on appeal pursuant to Pa. R.A.P. 1925 (b):

1. The court erred as a matter of law in finding the statute of limitations for this breach of contract action did not begin to run on the date of the refinancing of the property at issue, that being August 27, 2007, where the contract specifically stated "at the time of refinance" the defendants were obligated to payoff the Baker/DiDonato mortgage and pay the plaintiffs $50,000.00. The statute of limitations for contract actions is four (4) years from the date of breach, in this matter requiring plaintiffs to have commenced their action prior to September 19, 2011.

2. The court erred in finding the statute of limitations was tolled until September 19, 2007 where the evidence unequivocally established the property at issue had been refinanced and the Wachovia loan was officially paid off and closed on September 5, 2007, as a result of the refinancing of August 27, 2007 and therefore the action was required to be brought by plaintiffs prior to September 19, 2011.

3. The court erred in finding the "discovery rule" tolled the statute of limitations as, the "discovery rule" is inapplicable to actions for "breach of contract," under 13 Pa.C.S.A.sec.2725b, which provides, "A cause of action accrues when the breach occurs *regardless of the aggrieved party's lack of knowledge of the breach.*" Emphasis added.

4. The court erred as a matter of law in finding the statute of limitations was not violated with a complaint fling date of September 19, 2011, more than four years after the refinancing occurred on August 27, 2007, the date referred to in the contract, "the refinancing date" as the date the Baker/DiDonato mortgage was to be paid off and the Baker plaintiffs' were to receive$ 50,000.00.

5. The court erred in finding an implied condition precedent of the obligation to pay plaintiffs' $50,000.00 as the property have enough equity to satisfy this obligation at the time of refinancing.

6. The court erred in finding defendants are obligated to pay plaintiff's $36,500.00, based upon a calculation made by the court wherein the court failed to account debts which were paid off from said proceeds, which were incurred jointly by the parties and exceeded $50,000.00 in their totality. Additionally the court failed to apply any credit for the $43,500.00 check written at refinancing by defendant DiDonato, Sr., which inured to the benefit of plaintiff Anita Baker, in that it was applied to pay off the Baker/DiDonato mortgage in the amount of $312,027.37. Applying the credits properly would have resulted in 0 money owed to plaintiffs.

7. The court erred in allowing the plaintiff Anita Baker to testify regarding alleged conversations she had with defendant William DiDonato, Jr., wherein in [sic] defendant purportedly made promises to her other than those specifically set forth in the contract, as such violated the Parol Evidence Rule.

8. The court erred in finding the defendants received value consideration by acquiring ownership in a

property which was mortgaged for more than its [sic] worth as a result of joint obligations of the plaintiff Anita Baker and defendant DiDonato, Jr., the court thereby disregarding the fact defendant DiDonato had written a check from his own funds for more than $47,000.00 to refinance the property in accordance with the contract and the property had no equity on the date of refinance.

9. The court erred in finding the plaintiff Anita Baker made payments towards the mortgage exclusively which were joint payments of Baker and DiDonato. Jr., as such payments were made jointly while the parties lived together in the house and all debts were shared and paid for as a couple.

10. The court erred in finding the defendants did not substantially comply with the contract by paying off the Baker/DiDonato 2005 mortgage through refinancing, where there was no equity in the property. The fact defendants refinanced and paid off a mortgage plaintiff Baker was obligated on for $ 312,027.37, established substantial performance of the contract by defendants in this matter and fair consideration to plaintiffs who were obligated in that amount to Wachovia Bank.

11. The court erred in finding the only credit defendants were entitled to was for $ 13,500.00 which was used from the 2005 Baker/DiDonato refinance to pay off Baker's car, as defendants were entitled to against plaintiffs, including credit for the $ 47,571.45 check written by DiDonato, Sr., which inured to plaintiffs' benefit and among other credits argued for, should have resulted in no monies being owed to the plaintiffs.

12. The court erred in finding defendants were not

entitled to a finding in their favor at the conclusion of the presentation of plaintiffs' case, based upon the defense of the statute of limitations and impossibility of performance.

This opinion is offered in response to said appeal.

## DISCUSSION

Appellants' claims are discussed in turn and are without merit.

A. Appellants' claims 1, 2 and 4 will be addressed together.

Appellants' claims 1, 2 and 4 all alleged that this court erred by not finding that the plaintiffs violated the four (4) year statute of limitations to bring an action for breach of contract[2] by filing their complaint on September 19, 2011. These claims are without merit. "The discovery rule...tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct." *Crouse v. Cyclops Indus.*, 745 A.2d 606, 611 (Pa. 2000). It is well settled that the courts of Pennsylvania have and continue to approve the usage of the discovery rule in contract actions.[3]

Here, the agreement between the parties provided that at the time of the refinance the appellants would pay the plaintiffs $50,000.00. On September 19, 2007, the plaintiffs received notification from Wachovia that the property had been refinanced. However, plaintiff Anita Baker testified

---

2. *See* 42 Pa.C.S.A. §5525.
3. *See Gustine Uniontown Associates, Ltd. v. Anthony Crane Rental, Inc., L.P.*, 842 A.2d 334, 344 (Pa. 2004).

that she had numerous conversations with appellant DiDonato, Jr., one as recent as January 2010, in which he expressed his intent to honor his contractual obligation to the plaintiffs. Therefore, applying the discovery rule, the plaintiffs had no reason to know that the appellants did not intend to honor their contractual obligation prior to January 2010. Accordingly, the filing of the complaint for breach of contract in 2011 was not outside of the four (4) year statute of limitations period. Thus, this claim is without merit.

B. The court erred in finding the "discovery rule" tolled the statute of limitations as, the "discovery rule" is inapplicable to actions for "breach of contract," under 13 Pa.C.S.A.sec.2725b, which provides, "A cause of action accrues when the breach occurs regardless of the aggrieved party's lack of knowledge of the breach."

Appellants' claim that this court erred in finding that the discovery rule tolled the statute of limitations because the discovery rule is inapplicable to breach of contract actions under 13 Pa.C.S.A.sec.2725b is without merit. The appellants are misguided in their attempt to apply 13 Pa.C.S.A.sec.2725 of the Uniform Commercial Code ("UCC") to this action. It is well settled that the UCC does not govern real estate contracts. In fact, the UCC explicitly states that its scope is limited to "transactions in goods." 13 Pa. Cons. Stat. Ann. §2102. The UCC defines "goods" as "all things... which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Division 8) and things in action." 13 Pa. Cons. Stat. Ann. §2105(a). Therefore, given the inapplicability of the statute cited by the appellants, this claim is without merit.

C. The court erred in finding an implied condition precedent of the obligation to pay plaintiffs' $50,000.00 was that the property must have enough equity to satisfy this obligation at the time of refinancing.

The appellants' claim that this court erred in finding an implied condition precedent of the obligation to pay the plaintiffs' $50,000.00 was that the property must have enough equity to satisfy this obligation at the time of refinancing is without merit. This court actually did not find there to be an implied condition precedent requiring there to be enough equity to satisfy the appellants' obligation to pay the plaintiffs' $50,000.00. Therefore, this claim is without merit.

D. The court erred in finding defendants are obligated to pay plaintiffs $36,500.00, based upon a calculation made by the court wherein the court failed to account debts which were paid off from said proceeds, which were incurred jointly by the parties and exceeded $50,000.00 in their totality. Additionally the court failed to apply any credit for the $43,500.00 check written at refinancing by defendant DiDonato, Sr., which inured to the benefit of plaintiff Anita Baker, in that it was applied to pay off the Baker/DiDonato mortgage in the amount of $312,027.37. Applying the credits properly would have resulted in 0 money owed to plaintiffs.

The appellants' claim that this court erred in finding that the appellants are obligated to pay plaintiffs $36,500.00 is without merit. As this court stated when announcing its decision, this court took into account that plaintiff Anita Baker's car loan was paid off and the credit benefit bestowed upon her by removing the substantial debt accrued by the two refinance transactions of which she

was a signatory. Furthermore, the terms of the contract are clear. The appellants received the plaintiffs' interest in the Leyte Place property so that the appellants' could refinance the property and pay off the Wachovia loan. The appellants entered into the transaction with the knowledge that they would be taking on the outstanding Wachovia loan. Thus, to further compensate the appellants for something they contracted to do would go against the explicit terms of the contract.

Moreover, in exchange for giving up their interest in the Leyte Place property, the plaintiffs were to receive $50,000.00 from the appellants at the time of the refinance. The refinance in the context of the contract only served as a triggering date upon which the plaintiffs were to be paid. This point is bolstered by the fact that the contract is silent with regard to any equity that may or may not be in the home and the effect that would have on the appellants' obligation to the plaintiffs. Thus, the fact that appellant DiDonato, Sr. had to pay out of pocket costs to cover the lack of equity in property has no bearing on the appellants' contractual obligations. Therefore, this claim is without merit.

E. The court erred in allowing the plaintiff Anita Baker to testify regarding alleged conversations she had with defendant William DiDonato, Jr., wherein defendant purportedly made promises to her other than those specifically set forth in the contract, as such violated the Parol Evidence Rule.

The appellants' claim that this court erred in allowing plaintiff Anita Baker to testify regarding alleged conversations she had with appellant DiDonato, Jr., wherein appellant DiDonato, Jr. purportedly made

promises to her other than those specifically set forth in the contract, as such violated the parol evidence rule is without merit. "[T]he parol evidence rule seeks to preserve the integrity of written agreements by refusing to permit the contracting parties to *attempt to alter* the import of their contract through the use of contemporaneous oral declarations. *Rose v. Food Fair Stores, Inc.*, 262 A.2d 851, 853 (Pa. 1970) (emphasis added).

Here, plaintiff Anita Baker stated that appellant DiDonato, Jr. told her that "I know I owe you the money, and I am going to give it to you." (N.T. 06/13/13 at p. 18). This parol evidence was not offered to alter the contract between the parties. The evidence showed the appellants' acknowledgement of his contractual obligation as it was written. Therefore, this claim is without merit.

F. The court erred in finding the defendants received value consideration by acquiring ownership in a property which was mortgaged for more than its worth as a result of joint obligations of the plaintiff Anita Baker and defendant DiDonato, Jr., the court thereby disregarding the fact defendant DiDonato had written a check from his own funds for more than $47,000.00 to refinance the property in accordance with the contract and the property had no equity on the date of refinance.

The appellants' claim that this court erred in finding the appellants received value consideration by acquiring ownership in a property which was mortgaged for more than its worth is without merit. In contract law "[t]he requirement of consideration, of course, is nothing more than a requirement that there be a bargained for exchange." *Com. Dep't of Transp. v. First Pennsylvania Bank, N.A.*, 466 A.2d 753, 754 (1983). Here, the appellants agreed

to pay the plaintiffs' $50,000.00 for their interest in the Leyte Place property. There is no doubt that complete ownership of a property in exchange for an agreed upon sum is enough to satisfy the requirement of consideration.

Furthermore, as previously stated by this court, the appellants entered into this agreement knowing that the property was encumbered with an outstanding mortgage. Thus, the fact that the equity in the home was not enough to cover the outstanding mortgage has no bearing on the contractual obligations of the parties.[4] Again, this point is bolstered by the fact that the contract is silent when it comes to the equity of the home. Accordingly, the fact that appellant DiDonato, Sr. had to pay out of pocket costs to cover the lack equity in property is of no moment. The courts are not to be used by parties to compensate them for entering into an agreement that turned out to be not as advantageous to them as originally thought. Therefore, this claim is without merit.

G. The court erred in finding the plaintiff Anita Baker made payments towards the mortgage exclusively which were joint payments of Baker and DiDonato. Jr., as such payments were made jointly while the parties lived together in the house and all debts were shared and paid for as a couple.

The appellants' claim that this court erred in finding the plaintiff Anita Baker made payments towards the mortgage exclusively is without merit. "[I]t is within the sole province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence

---

4. It should be noted that appellant DiDonato, Jr. took significant amounts of equity out of the Leyte Place property at various points during the ownership of the property. See N.T. 06/13/13 at p. 11 and 13.

produced." *Commonwealth v. Sample*, 468 A.2d 799, 803 (Pa. Super. 1983) (emphasis added). That said, plaintiff Anita Baker testified that she made mortgage payments for approximately five (5) years. This testimony was uncontroverted. Therefore, this court, as fact finder, made a determination to accept the veracity of the testimony. Given that determinations of fact and witness credibility are within the sole province of the fact finder, this claim is without merit.

H. The court erred in finding the defendants did not substantially comply with the contract by paying off the Baker/DiDonato 2005 mortgage through refinancing, where there was no equity in the property. The fact defendants refinanced and paid off a mortgage plaintiff Baker was obligated on for $ 312,027.37, established substantial performance of the contract by defendants in this matter and fair consideration to plaintiffs who were obligated in that amount to Wachovia Bank.

The appellants' claim that this court erred in finding the appellants did not substantially comply with the contract by paying off the Wachovia loan through refinancing, where there was no equity in the property is without merit. As this court has already stated numerous times, the appellants agreed to pay the plaintiffs' $50,000.00 for their interest in the Leyte Place property. The appellants entered into this agreement with full knowledge of the outstanding mortgage on the property. Thus, the fact that the appellants paid off the mortgage had absolutely no bearing on the contractual obligations of the parties. Therefore, the appellants' did not substantially perform and this claim is without merit.

I. The court erred in finding the only credit defendants were entitled to was for $13,500.00 which was used from

the 2005 Baker/DiDonato refinance to pay off Baker's Car, as defendants were entitled to against plaintiffs, including credit for the $ 47,571.45 check written by DiDonato, Sr., which inured to plaintiffs' benefit and among other credits argued for, should have resulted in no monies being owed to the plaintiffs.

For the reasons stated in both Section D and F, this claim is without merit.

J. The court erred in finding defendants were not entitled to a finding in their favor at the conclusion of the presentation of plaintiffs' case, based upon the defense of the statute of limitations and impossibility of performance.

The appellants' claim that this court erred in finding that the appellants were not entitled to a finding in their favor at the conclusion of the presentation of plaintiffs' case, based upon the defense of the statute of limitations and impossibility of performance is without merit. For the reasons stated in section A, appellants' defense of the statute of limitations is without merit.

Further, Pa. R. Civ. P. 1030(a) requires that "all affirmative defenses including but not limited to... impossibility of performance...shall be pleaded in a responsive pleading under the heading 'New Matter.'" Appellants' trial counsel conceded that the defense of impossibility of performance was not pled.[5] Accordingly, the defense was waived and this claim is without merit.

## CONCLUSION

The court's order dated June 24, 2013, denying appellant's post-trial motion should be affirmed.

---

5. *See* N.T. 06/13/13 at p. 38.